```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                                    )
INMODE LTD.,                        )
                                    )
                 Plaintiff,         )
                                    )
v.                                  )    Civil Action
                                    )    No. 24-cv-12955-PBS
BTL INDUSTRIES, INC. d/b/a BTL      )
AESTHETICS,                         )
                                    )
                 Defendant.         )
_____ )
```

**ORDER**

March 27, 2025

Saris, D.J.

Plaintiff InMode Ltd. ("InMode") has sued BTL Industries, Inc. ("BTL") for infringement of U.S. Patent No. 8,961,511 ("the '511 patent"). Six months after InMode filed suit, BTL filed a petition for <u>inter partes</u> review ("IPR") with the Patent Trial and Appeal Board ("PTAB"). On October 2, 2024, the PTAB instituted IPR on all claims of the '511 patent. BTL now moves to stay this lawsuit pending completion of the IPR for the '511 patent. After a hearing and review of the briefs, the affidavit of Brandon Nye, Vice President of Sales at Invasix Inc. (a wholly owned subsidiary of InMode), and the parties' supplemental filings, the Court stays this action pending IPR.

As part of its "inherent power to manage its docket by staying proceedings," a district court may "stay an action pending the

1

resolution of a related matter in the" PTAB. Aplix IP Holdings Corp. v. Sony Comput. Ent., Inc., 137 F. Supp. 3d 3, 4 (D. Mass. 2015) (quoting In re SDI Techs., Inc., 456 F. App'x 909, 911 (Fed. Cir. 2012) (order)). Courts "consider three factors in determining whether to stay an action pending [IPR]: 1) the stage of the litigation, including whether discovery is complete and a trial date has been set, 2) whether a stay will simplify the issues and 3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party." Mizuho Orthopedic Sys., Inc. v. Allen Med. Sys., Inc., 610 F. Supp. 3d 362, 365 (D. Mass. 2022); see Murata Mach. USA v. Daifuku Co., 830 F.3d 1357, 1361 (Fed. Cir. 2016). Delay in resolving the lawsuit is not enough by itself to constitute undue prejudice. See Mizuho Orthopedic Sys., Inc., 610 F. Supp. 3d at 365. Instead, courts ask whether "1) on account of the delay [the nonmoving party] effectively will be denied certain legal remedies, 2) the moving party possesses a dilatory motive or 3) the parties are direct commercial competitors." Id.

The first two factors weigh in favor of a stay. Before BTL filed its initial motion to stay in October 2024, the parties had engaged only in preliminary, albeit drawn-out, skirmishing relating to venue. See VirtualAgility Inc. v. Salesforce.com, Inc., 759 F.3d 1307, 1317 (Fed. Cir. 2014) ("Generally, the time of the motion [to stay] is the relevant time to measure the stage

2

of litigation."). Even now, the case remains "in its incipient stages," with merits discovery just beginning and claim construction, summary judgment motions, and a trial well in the future. Koninklijke Philips N.V. v. Amerlux, LLC, 167 F. Supp. 3d 270, 274 (D. Mass. 2016); see Aplix IP Holdings Corp., 137 F. Supp. 3d at 5.

A stay will also simplify the issues in the case because the PTAB has instituted IPR for all the claims in the sole patent asserted in this lawsuit. See Gratuity Sols., LLC v. Toast, Inc., No. 22-cv-11539, 2024 WL 1770816, at *4 (D. Mass. Apr. 24, 2024); Aplix IP Holdings Corp., 137 F. Supp. 3d at 5; cf. VirtualAgility Inc., 759 F.3d at 1314 (making the same point in the context of a Covered Business Method ("CMB") patent review). It is true that BTL has raised certain affirmative defenses and counterclaims in this suit that the PTAB will not address. See 35 U.S.C. § 311(b) (describing the scope of IPR); Dkt. 91-2 at 9 (listing the invalidity grounds at issue in the IPR). However, the PTAB's cancelling of any claims in the '511 patent will moot InMode's allegations that BTL is infringing those claims and, if any claims survive IPR, BTL will be estopped in this suit from presenting any invalidity "ground that [it] raised or reasonably could have raised during [IPR]." 35 U.S.C. § 315(e)(2); see Gratuity Sols., LLC, 2024 WL 1770816, at *4; Aplix IP Holdings Corp., 137 F. Supp. 3d at 5. In determining that this factor favors a stay, the Court

3

declines InMode's request to assess the merits of the invalidity grounds that BTL is pressing in the IPR. See NST Glob., LLC v. SIG Sauer Inc., No. 19-cv-792, 2020 WL 1429643, at *4 n.5 (D.N.H. Mar. 24, 2020); cf. VirtualAgility Inc., 759 F.3d at 1313 (cautioning district courts against "review[ing] the PTAB's decisions to institute a CBM proceeding" when resolving a motion to stay).

InMode's strongest argument against a stay is that the parties are direct competitors and, thus, that it will suffer undue prejudice during the duration of the stay. InMode has presented convincing evidence that the parties are direct competitors at least as to their products that use radiofrequency to treat female genital tissue, i.e., InMode's FormaV handpiece and BTL's EmFemme 360 applicator. But Nye's affidavit does not demonstrate that InMode has or is likely to lose substantial market share due to sales related to BTL's EmFemme 360. While Nye believes InMode has lost some sales as a result of the introduction of the EmFemme 360, he has provided only a few possible examples. Monetary damages will provide adequate compensation for any lost sales that InMode suffers during the stay, which is expected to last only until October 2025. See 35 U.S.C. § 316(a)(11) (setting a one-year deadline for the PTAB's resolution of an IPR); cf. VirtualAgility Inc., 759 F.3d at 1318 ("A stay will not diminish the monetary damages to which [the plaintiff] will be entitled if it succeeds in its infringement suit -- it only delays realization of those

4

damages and delays any potential injunctive remedy."). Nor is the Court persuaded that BTL has engaged in dilatory tactics or that InMode is likely to suffer undue prejudice from the loss of evidence. In the Court's experience, a ruling by the PTAB substantially simplifies patent disputes and is well worth the wait.

Accordingly, BTL's motion to stay this action pending IPR (Dkt. 112) is **ALLOWED**. The parties shall file a joint status report within fourteen days of the PTAB's issuance of a final determination in the IPR.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge