# EXHIBIT A



101 CALIFORNIA STREET   SUITE 3800   SAN FRANCISCO, CA 94111
**T** 415.653.3750   **F** 415.653.3755   www.Venable.com

January 2, 2026

**t** 415.653.3738
**f** 415.653.3755
WAHector@Venable.com

**VIA E-MAIL**

Seth R. Ogden, Ph.D.
Patterson Intellectual Property Law PC
1600 Division St, Suite 500
Nashville, TN 37203

> Re:    *InMode Ltd. v. BTL Industries, Inc.*, Case No. 1:24-cv-12955-PBS
> Deficiencies in BTL's First Supplemental Objections and Responses to InMode's First
> <u>Set of</u> <u>Interrogatories and InMode's First Set of Requests for Production</u>

Counsel,

We write regarding BTL Industries, Inc.'s ("BTL") deficient objections and responses to InMode's discovery requests in this case. As outlined below, BTL's disregard for its discovery obligations under the Federal Rules of Civil Procedure ("Federal Rules") and the Local Rules of the District of Massachusetts ("Local Rules") unduly hamper InMode's ability to prosecute this case. InMode requests that BTL correct these deficiencies by no later than January 16, 2026.

### *BTL's boilerplate objections.*

As an initial matter, BTL's initial Objections and Responses to InMode's First Set of Interrogatories (1-15) and BTL's Objections and Responses to InMode's First Set of Requests for Production (1-45) (together, "Initial O&Rs") are deficient. Besides having been served beyond the deadline to respond, the Initial O&Rs are replete with boilerplate objections and fall far short of the specificity required by the Federal Rules. *HealthEdge Software, Inc., v. Sharp Health Plan*, No. 19-cv-11020-ADB, 2021 U.S. Dist. LEXIS 88061, at \*11 (D. Mass. May 6, 2021) ("[B]oilerplate generalized objections are inadequate and tantamount to not making any objection at all." (citation omitted)).

InMode requests BTL withdraw the boilerplate generalized objections raised in its Initial O&Rs.

### *BTL's newly raised objections were all waived as untimely.*

BTL's First Supplemental Objections and Responses to InMode's First Set of Interrogatories (1-15) ("Supplemental O&Rs to Rogs") and BTL's First SupplementalObjections and Responses to InMode's First Set of Requests for Production (1-45) ("Supplemental O&Rs to RFPs"; together with Supplemental O&Rs to Rogs, "Supplemental O&Rs") contain numerous new objections not

# VENABLE LLP

January 2, 2026
Page 2

raised in BTL's Initial O&Rs. BTL is undoubtedly aware of the requirement that any objections must be stated with specificity in the initial response or be deemed waived. The law in this District is clear: "[t]he Court is obligated to enforce Local Rule 34.1 and deem waived any objections not included in [an] initial response." *Controlled Kinematics, Inc. v. Novanta Corp.*, No. 17-cv-11029-ADB, 2019 U.S. Dist. LEXIS 116922, at *12 (D. Mass. July 15, 2019). InMode requests that BTL withdraw all objections raised in the Supplemental O&Rs.

### *BTL's new objections are improper.*

Regardless, BTL's "kitchen sink" approach to objections in its First Supplemental O&Rs continues to be improper. As noted previously, "boilerplate generalized objections" are improper and have been for at least the last decade since Federal Rules 26, 33, and 34 were amended in 2015 "with the intention of eliminating non-specific boilerplate objections." *See Soo v. Bone Biologics Corp.*, No. 19-11520-ADB, 2023 U.S. Dist. LEXIS 245884, at *4 n.4 (D. Mass. June 20, 2023) (citation omitted).

For example, in an apparent attempt at appearing to provide a specific objection, BTL objects to RFP No. 5 on the basis that "this request is overbroad, unduly burdensome, and not proportional to the needs of the case . . . because it seeks '[a]ll documents and things relating to InMode.'" Supplemental O&Rs to RFPs 1-45 at 7. But the quoted text is the entirety of RFP No. 5 and is no more helpful than no explanation at all. Such a non-specific objection is facially improper.

These improprieties are exacerbated by the sheer number of objections BTL includes in response to each request. BTL's objections frequently span over a page and on occasion span nearly two pages, listing over 10 separate objections to a single request. *See, e.g.*, Supplemental O&Rs to Rogs 1-15 at 4-6. But courts in this District have routinely warned that "list[ing] nearly every possible objection to nearly every . . . request[]" will not be tolerated. *E.g. Brown v. Wal-Mart Assocs., Inc.*, 616 F. Supp. 3d 137, 141 (D. Mass. 2022).

Many of BTL's objections misapprehend the interplay between discovery and the burden of proof. More specifically, BTL objects to multiple requests on the basis that "Plaintiff carries the burden" on an issue and therefore refuses to produce documents. *See, e.g.*, Supplemental O&Rs to RFPs 1-45 at 49. But a party most certainly is entitled to take discovery on issues on which will be its burden at trial.  The basic rules of discovery permit "discovery regarding any nonprivileged matter that is relevant to *any* party's claim or defense," Fed. R. Civ. P. 26(b)(1) (emphasis added), and who carries the burden on an issue has no relevance whatsoever to whether information is discoverable.

BTL objects to InMode's "state the basis" interrogatories (Rog. Nos. 2, 3, 5, 9) as, *e.g.*, exceeding the requirements of the Federal Rules and refuses to identify "all documents or other evidence that support or form the bases" of the particular claim, assertion, allegation, or contention. *E.g.*, Supplemental O&Rs to Rogs 1-15 at 6. But this is *precisely* what BTL is required to identify under



January 2, 2026
Page 3

the Local Rules, which are deemed incorporated by reference into all discovery requests. Local Rule 26.5(c)(8). As such, this cannot be a proper objection.

### *Where BTL does respond, these responses are routinely improper.*

The Local Rules are clear that "[n]o part of a document request [or interrogatory] shall be left unanswered merely because an objection is interposed to another part of the document request [or interrogatory]." Local Rule 34.1(c)(2); Local Rule 33.1(c)(2). Yet, in its Supplemental O&Rs, BTL routinely objects to only a part of a request before refusing to respond to any other part of the request or limits its response to one part without explanation.

Additionally, under the Federal Rules, BTL must specifically note where it is withholding documents based on an objection. *Soo*, 2023 U.S. Dist. LEXIS 245884 at *4 n.4. Otherwise InMode has no way of knowing whether BTL is fully responding to InMode's requests, particularly where, as here, BTL routinely objects to producing a category of documents, such as those related to non-accused treatments, yet produced them anyways. BTL's Supplemental O&Rs fail to sufficiently note where it is withholding documents based on a specific objection. This is improper.

Further exacerbating this issue, where BTL does agree to produce documents, BTL only explains that it "will produce" a category of documents. *See, e.g.*, Supplemental O&Rs to RFPs at 14. But this falls short of the requirements of the Federal Rules. As courts in this District routinely hold, the Federal Rules require that if a party states that it will produce documents, "[t]he production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." *Linhares v. Woods Hole*, No. 1:20-cv-12035-IT, 2022 U.S. Dist. LEXIS 226623, at *5 (D. Mass. Dec. 16, 2022) (quoting Fed. R. Civ. P. 34(b)(2)(B)). The deadline specified in InMode's request passed over 10 months ago, and BTL failed to specify "another reasonable time" in its response. It is unclear when, if ever, BTL intends to satisfy its obligation of producing documents responsive to this request, and in any case BTL cannot delay its production any longer than it already has.

Regarding BTL's specific responses to InMode's interrogatories:

- In response to Rog. No. 1, BTL fails to respond to numerous parts of the interrogatory without explanation, including failing to identify the identifying indicia for any BTL systems (limiting its response to the EmFemme 360 "Unit Set," applicators, and consumables and omitting any information on Exion) and failing to identify the "individuals responsible for [each product's] design, development, marketing, testing, marketing and sales," instead only identifying the individual "overseeing the marketing and sales of the EmFemme 360," one of the four accused systems. BTL must provide a fulsome response to this interrogatory that includes this missing information.

**VENABLE** LLP

January 2, 2026
Page 4

- In response to Rog. No. 3, BTL refuses to respond at all, only incorporating its forthcoming non-infringement contentions by reference. BTL must separately and fully respond to this interrogatory as required by the Federal Rules.

- In response to Rog. No. 4 and 15, BTL fails to respond to numerous parts of the interrogatory without explanation, including by entirely limiting its response to EmFemme360 and UltraFemme 360, omitting BTL's multi-platform systems, Exion and Exilis, and only identifying a person "most knowledgeable about the customer instructions of the Emfemme 360," one of the four accused systems. BTL's responses further improperly attempts to rely on Federal Rule 33(d) to respond simply by identifying documents it has produced. This response fails to meet the requirements of that rule. BTL's identification of documents in response to these interrogatories only demonstrate the impropriety of its reliance on Federal Rule 33(d). For example, BTL identifies 137 documents in response to Rog. No. 4, which represents over 18% of the documents BTL had produced when it served the Supplemental O&Rs to Rogs 1-15. Moreover, BTL has failed to "make available any computerized information or summaries thereof that it either has, or can adduce by a relatively simple procedure" and "provide any relevant compilations, abstracts, or summaries in its custody or readily obtainable by it" within 14 days after service of BTL's answers relying of Federal Rule 33(d) as required by Local Rule 33.1(b).

- In response to Rog. No. 5, BTL fails to respond to numerous parts of the interrogatory without explanation, limiting its response to when BTL became aware of the Patent-in-Suit and omitting any response whatsoever to the other parts requesting that BTL state the bases for its contention that it has not willfully infringed the '511 Patent.

- In response to Rog. No. 6, BTL improperly limits its response to InMode's Empower RF product. However, this is specifically contradicted by BTL's own document productions, which include multiple instances in which BTL performed a competitive analysis of InMode's Empower RF product. *E.g.*, BTL_InMode-0001498.

- In response to Rog. No. 7, BTL once again improperly limits its response to EmFemme 360 and UltraFemme 360, failing to address the Exion and Exilis systems. Further, BTL only identifies an individual "knowledgeable regarding the marketing and sales of the EmFemme 360," one of the four accused systems.

- In response to Rog. No. 8, BTL once again improperly limits its response to EmFemme 360 and UltraFemme 360, failing to address the Exion and Exilis systems. This response also calls into question the accuracy of any of BTL's discovery responses. BTL fails to properly identify competing devices and instead claims that "its products do not compete with any InMode products." However, this is specifically contradicted by BTL's own

**V**ENABLE LLP

January 2, 2026
Page 5

document productions, which include multiple instances in which BTL states InMode's products are among its top competitors. *E.g.*, BTL_InMode-0001498.

- In response to Rog. No. 9, BTL refuses to respond, only incorporating its forthcoming non-infringement contentions by reference. As explained above regarding Rog. No. 2, this is plainly improper. BTL must separately and fully respond to this interrogatory as required by the Federal Rules.

- In response to Rog. No. 11, BTL once again improperly limits its response to EmFemme 360 and UltraFemme 360, failing to address the Exion and Exilis systems. BTL also fails to identify the persons involved in the design and development of the Accused Products and Accused Procedures without any explanation.

- In response to Rog. Nos. 12, 13, and 14, BTL refuses to "respond to this Interrogatory as drafted" without providing any explanation other than improper objections as noted above. This fails to meet the specificity requirements of the Federal Rules and Local Rules.

Regarding BTL's responses to InMode's RFPs:

In response to numerous RFPs, BTL fails to address whether it will produce explicit categories of documents requested by the RFPs:

- In response to RFP No. 1, BTL fails to address whether it will produce "documents that reference or discuss . . . any related patent, or any InMode patent or patent application."

- In response to RFP No. 11, BTL only addresses whether it will make a sample of the EmFemme 360 and UltraFemme 360 devices available for inspection, omitting the Exion and Exilis systems as well as "any packaging, instructions, guides, or labels" without any explanation.

- In response to RFP No. 16, BTL fails to address whether it will produce documents "relied upon in preparing, or otherwise supporting BTL's responses to any Interrogatory served on BTL in this action."

- In response to RFP No. 19, BTL agrees to produce "documents relating to the market for the Accused Instrumentalities," but this leaves unclear, based on BTL's objections, whether BTL will produce documents responsive to the actual categories listed in the RFP, documents "relating to the decision to develop any Accused Instrumentality or Accused Procedure."

In response to numerous RFPs, BTL improperly construes InMode's request:

**VENABLE** LLP

January 2, 2026
Page 6

- In response to RFP No. 4, BTL only agrees to "provide any opinions of counsel on which it intends to rely," but "any investigation, report, opinion, study, or analysis" relating to infringement, validity, or enforceability of the Patent-in-Suit would go beyond just opinions of counsel.

- In response to RFP No. 14, BTL agrees to produce "documents sufficient to show the design and operation of the Accused Instrumentalities and Accused Procedures," but the RFP instead requests documents "relating [to] any attempts to design around or modify the Accused Instrumentalities and Accused Procedures," which would be relevant at least to willfulness.

- In response to RFP No. 17, BTL agrees to produce "documents it intends to rely on to support any defense against InMode's allegations of infringement of the '511 patent," but this RFP requests documents "relating to BTL's contentions that the Accused Instrumentalities and Accused Procedures may or may not [] infringe," which would indisputably also cover documents that refute BTL's contentions.

- In response to RFP No. 20, BTL refuses to produce documents on the basis that "the Accused Instrumentalities . . . are not manufactured in the United States," but this leaves unclear whether the Accused Instrumentalities may be manufactured in part in the United States.

- In response to RFP No. 23, BTL agrees to produce "documents sufficient to show BTL's advertising and marketing of the Accused Instrumentalities and Accused Procedures," but this RFP also seeks other documents "relating to the advertising or promotion . . . , including . . . advertising budgets and expenditures," which would be relevant to at least damages.

- In response to RFP No. 29, BTL agrees to produce "licenses and settlement agreements related to the Accused Instrumentalities and Accused Procedures," but this RFP also requests documents referring to or otherwise "relating to any license, settlement, or other agreement taken, offered to or by, or accepted by Defendant relating to any Accused Instrumentality, Accused Procedure, or any tissue remodeling device or procedure," which includes multiple categories of document beyond simply executed licenses and settlement agreements.

- In response to RFP No. 36, BTL agrees to produce "indemnification agreements related to this lawsuit," but this RFP specifically requests documents "related to any agreements relating to the subject matter or outcome of this lawsuit," which would also cover, for example, any defense funding agreements and be relevant to at least damages.

VENABLE LLP

January 2, 2026
Page 7

- In response to RFP No. 41, BTL agrees to produce "documents sufficient to show the sales and revenue of the Accused Instrumentalities," but this RFP instead requests documents "sufficient to show the profitability of each Accused Instrumentality" and therefore also requires the production of at least documents showing "costs of sale, order contributions, product margins, gross margins, and operating profits," which would be at least relevant to damages.

- In response to RFP No. 42, BTL apparently construes this RFP to be duplicative of RFP Nos. 40 and 41, but this RFP requests numerous types of financial documents concerning the Accused Instrumentalities that would not be covered by RFP Nos. 40 and 41, which request sales, revenue, and profitability of the Accused Instrumentalities, and would be relevant to at least damages.

- In response to RFP No. 43, BTL apparently also construes this RFP to be duplicative of RFP Nos. 40 and 41, but this request numerous types of sales related information including costs of goods sold, and methodology used to calculate the provided information that would not be covered by RFP Nos. 40 and 41 and would be relevant to at least damages.

In response to numerous RFPs, BTL refuses to produce documents without a proper explanation:

- In response to RFP No. 5, BTL refuses to produce "[a]ll documents and things relating to InMode," but such documents are clearly relevant as they would go to BTL's knowledge of InMode, its products, and its patents and therefore be relevant to at least willfulness.

- In response to RFP No. 6, BTL only agrees to "produce documents referencing the Patent-in-Suit" and refuses to produce documents "relating to any communications . . . relating to InMode, any InMode affiliate, . . . this lawsuit, or any claim defense or remedy in this lawsuit"; such communications are relevant to the parties claims and defenses and would not be privileged if they are with non-attorney third parties.

- In response to RFP No. 10, BTL refuses to produce any documents seemingly on the basis of the RFP being duplicative of RFPs no. 7 and 8, but BTL cannot seriously be suggesting that there are no documents "relating to the manufacture of the Accused Instrumentalities" that would fall outside of InMode's requests for documents "relating to the features and functionality of any Accused Instrumentality" and "relating to the design, development, or testing of any Accused Instrumentality" as these are entirely distinct categories.

- In response to RFP No. 13, BTL refuses to produce any documents without any explanation, but documents "relating to any benefits, advantages, or disadvantages of any feature, functionality, or process accused of infringement" would be relevant to at least damages, particularly where BTL offers multi-platform systems such as Exion and Exilis.

**VENABLE** LLP

January 2, 2026
Page 8

- In response to RFP No. 18, BTL refuses to produce any documents without explanation, but documents "relating to any patent, invention disclosure, or patent application, whether pending or abandoned, owned by, assigned to, or filed on behalf of Defendant, relating to tissue remodeling or any Accused Instrumentality, or that cites the Patent-in-Suit or any other InMode patent or patent application" would be relevant to at least willfulness.

- In response to RFP No. 22, BTL refuses to produce any documents without a proper explanation, but the contracts and agreements requested by this RFP are relevant to at least damages, and third-party confidentiality alone is not a basis for withholding documents as the parties may obtain discovery regarding any relevant, nonprivileged matter.

- In response to RFP No. 25, BTL refuses to produce any documents based on an improper objection without any further explanation, but it is unclear how an RFP requesting "studies, reports, or analyses relating to market share, market demand, market segments, competition, competitor services or devices, consumer surveys, or revenue" is ambiguous and overbroad.

- In response to RFP No. 26, BTL refuses to produce any documents without any explanation, but documents "relating to any products or procedures that compete with any Accused Instrumentality or Accused Procedure, including any analyses of the strengths of weaknesses of those products or procedures compared to any Accused Instrumentality or Accused Procedure" would be relevant to at least willfulness and damages.

- In response to RFP No. 28, BTL refuses to produce any documents without explanation, but documents "relating to feedback from customers, end consumers, or other third parties regarding the Accused Instrumentalities and the Accused Procedures" would be relevant to at least damages.

- In response to RFP No. 31, BTL refuses to produce any documents without explanation, but documents "relating to any compensation . . . that any third party doctor has received BTL or any related company and the basis for such compensations" would be relevant to at least damages and bias of third party witness and other evidence.

- In response to RFP No. 32, BTL refuses to produce any documents without explanation, but documents relating to any third-party doctor's involvement with the commercial development of the Accused Instrumentalities and Accused Procedures" are relevant to at least liability and willfulness.

- In response to RFP No. 35, BTL refuses to produce any documents without explanation, but documents "sufficient to describe all Defendant's electronic data and document retention policies are relevant" are routinely held to be relevant.

**VENABLE** LLP

January 2, 2026
Page 9

- In response to RFP No. 37, BTL refuses to produce any documents without explanation, but documents "that refer or relate to any alleged secondary considerations of non-obviousness of the patent[]-in-suit" are indisputably relevant to at least BTL's claims and defenses relating to the alleged invalidity of the Patent-in-Suit.

- In response to RFP No. 38, BTL refuses to produce any documents without explanation, but documents "concerning any alleged nexus or lack thereof between any alleged secondary consideration of non-obviousness and the subject matter cla[i]med in the Patent-in-Suit" are indisputably relevant to at least BTL's claims and defenses relating to the alleged invalidity of the Patent-in-Suit.

- In response to RFP No. 39, BTL refuses to produce any documents without explanation, but agreements "relating to the Accused Instrumentalities and Accused Procedures" would be relevant to at least damages.

- In response to RFP Nos. 44 and 45, BTL agrees to produce "non-privileged, responsive documents, if any, that are relied upon by its damages expert and identified in the expert's report, at the time of expert disclosures," but such evasive answers essentially amount to an improper refusal to produce documents relevant to a claim or defense as required during fact discovery.

### *BTL's document productions fail to satisfy its discovery obligations.*

While InMode continues to review BTL's recently produced documents, from InMode's initial review, it appears that BTL is failing to meet the requirements of Federal Rule 34 and the Local Rules. Beyond a handful of marketing and instructional documents as well as some technical documents and invalidity-related documents that BTL was required to produce pursuant to Local Rule 16.6(d)(4), BTL has failed to produce nearly any documents responsive to InMode's requests.

Further, rather than producing documents either as they are kept in the usual course of business or organized and labeled corresponding to the categories in the requests as required by Federal Rule 34(b)(2)(e)(i), BTL appears to be repurposing documents collected from prior litigations without adequately reviewing the productions.

InMode highlights the following issues with BTLs recent productions:

1. BTL produced numerous clearly irrelevant documents, including a significant number of research papers, marketing materials, and before and after images for non-accused

VENABLE LLP

January 2, 2026
Page 10

treatments, *e.g.*, BTL_InMode-0000614, BTL_InMode-0000640,[1] and many documents that show nothing more than graphics backgrounds, *e.g.*, BTL_InMode-0001002.

2. BTL produced numerous files as PDFs that were seemingly kept in the usual course of business as another file type, *e.g.*, BTL_InMode-0007858, which has the file extension ".zip" but was produced as a PDF, and BTL_InMode-0008285, which has the file extension ".ai" but was produced as a PDF.

3. BTL produced numerous files as native PDFs that are clearly nothing more than a placeholder PDF from a prior production, *e.g.*, BTL_InMode-0007863, which was produced as a PDF that simply states "No Images Produced."

4. BTL produced numerous printouts of publicly available webpages and other documents but designated them as Confidential, *e.g.*, BTL_InMode-0007849.

These issues are so pervasive in BTL's productions that it would be unduly burdensome for InMode to have to sift through BTL's productions to identify every document with an issue. InMode therefore requests that BTL correct these production issues immediately and represent that BTL will implement safeguards to ensure these issues do not persist going forward and will refrain from needlessly multiplying the litigation.

\* \* \*

Please confirm that BTL will withdraw its improper objections, further supplement its responses to correct the issues identified above, and meet its production obligations by no later than January 16, 2026. Otherwise, please let us know when BTL is available to meet and confer before that date.

Sincerely,

William A. Hector

---

[1] BTL produced a production volume where only around 55 of the almost 350 documents (or just 16%) had any relevance whatsoever to the accused treatments and devices, with the remaining documents relating only to non-accused treatments and devices. InMode further notes that such improper document dumps are also inconsistent with BTL's repeated objection to producing "documents or things relating to products, components, or features that are not accused of infringement in this action." *E.g.*, Supplemental O&Rs to RFPs 1-45 at 10.