# EXHIBIT B



January 13, 2026

**VIA    Email**

William A. Hector
VENABLE LLP
101 California St., Suite 3800
San Francisco, CA  94111
wahector@venable.com

RE:    *InMode Ltd. v. BTL Industries, Inc.*, Case No. 1:24-cv-12955-PBS
    **InMode's January 2, 2026 Letter Alleging Deficiencies in BTL Industries' First
    Supplemental Objections and Responses to InMode's First Set of Interrogatories and
    InMode's First Set of Requests for Production**

Counsel,

We write in response to InMode Ltd.'s ("InMode") January 2, 2026 Letter alleging certain deficiencies in BTL Industries, Inc.'s ("BTL Industries") discovery responses to InMode's First Set of Interrogatories and First Set of Requests for Production. BTL Industries remains committed to working with InMode in a cooperative process under the Federal and Local Rules and is prepared to address any legitimate concerns.

However, before BTL Industries can sufficiently address any alleged deficiencies, InMode must identify the deficiencies with sufficient particularity. To do so, InMode must sufficiently review BTL Industries' responses. It is evident from InMode's January 2 Letter that InMode has not undertaken such a review. At multiple points, the January 2 Letter mischaracterizes BTL Industries' responses. For example:

- In several instances, InMode alleges that BTL Industries has refused to produce documents without explanation. In the vast number of these instances, BTL Industries' actual response identified that InMode's request was objectionable as a whole and stated that BTL Industries would not produce documents until the parties met and conferred to discuss an agreeable scope for the request. Such a response acknowledges that there is likely an agreeable scope to the request and that BTL Industries will likely agree to produce documents accordingly once the parties have a chance to discuss it. It also recognizes that BTL Industries does not intend to unilaterally narrow InMode's discovery requests. Such a response invokes the underlying principles that discovery should be an amicable and cooperative process between the parties.

  BTL Industries' responses identify the nature of the objections to allow InMode to prepare for such a discussion. When BTL Industries objects to an entire request, it is because the request, in its entirety, is objectionable. For example, requests for any documents related to InMode are overbroad because the scope of both InMode and BTL Industries' products

William Hector
InMode v. BTL
January 13, 2026
Page 2

far exceed the scope of the products and processes at issue in this litigation. BTL Industries is actively investigating the scope of documents that exist, but the parties must reach an agreed upon scope that is commensurate with the claims asserted in this lawsuit and the value of this case to properly complete its investigation. Thus, the requests are objected to until such time as the parties meet and confer regarding the appropriate scope of those requests.

- InMode alleges that in response to RFP No. 10, BTL has refused to produce any documents because the request is duplicative of RFP Nos. 7 and 8. InMode appears to have failed to read the response. BTL Industries' response identified that part of RFP No. 10 was duplicative of RFP Nos. 7 and 8. BTL Industries stated it would produce documents in accordance with RFP Nos. 7 and 8, thereby partially complying with RFP No. 10. BTL Industries then stated it would not produce documents for the remaining scope of RFP No. 10 until the parties met and conferred. As explained above, that is because the additional scope is objectionable.

- For case law, InMode attempts multiple citations to suggest that BTL Industries has an obligation to withdraw various objections. The cited cases do not create an obligation to withdraw any objections and are, moreover, inapplicable to the facts of this case. Most cited cases merely state general principles of discovery and objections. Even *Controlled Kinematics, Inc. v. Novanta Corp.*, No. 17-cv-11029-ADB, 2019 U.S. Dist. LEXIS 116922, at *12 (D. Mass. July 15, 2019), which found some objections "deemed waived," was factually dissimilar and, more importantly, proceeded to ignore that waiver based on the Court's "broad discretion" in controlling discovery.

Again, BTL Industries intends to work with InMode to resolve any legitimate issues that InMode identifies. However, InMode will have to accurately identify such issues so that BTL Industries can sufficiently and productively engage with InMode in the discovery process. Thus, if InMode wishes to proceed working to resolve any issues, InMode is invited to provide a list of specific concerns rooted in an actual review of BTL Industries' responses. Once InMode has sufficiently identified such issues to address, BTL Industries is willing to meet and confer. For example, if InMode provides such a letter by January 19, BTL Industries can be available on January 22 from 2pm-4pm central or January 23 from 1pm-3pm central.

Please contact us with any questions.

Very truly yours,

**PATTERSON INTELLECTUAL PROPERTY LAW, P.C.**

_____
Nathan North
nin@iplawgroup.com