# EXHIBIT D

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| INMODE LTD.,<br><br>         Plaintiff,<br><br>    v.<br><br>BTL INDUSTRIES, INC. D/B/A BTL AESTHETICS,<br><br>         Defendant. | Case No. 1:24-cv-12955-PBS |

**DEFENDANT BTL INDUSTRIES, INC.'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF INMODE LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1–45)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts, Defendant BTL Industries, Inc. ("BTL"), by and through its undersigned counsel, hereby supplements its objections and responses to Plaintiff InMode Ltd.'s ("InMode") First Set of Requests for Production (Nos 1–45) as follows.

**GENERAL OBJECTIONS**

BTL reasserts and incorporates by reference the general response and objections identified in BTL's Objections and Responses to InMode's First Set of Requests for Production (Nos. 1-45) served on March 10, 2025.

**SPECIFIC OBJECTIONS AND RESPONSES**

BTL incorporates the foregoing General Objections into each and every response below. Subject to and without waiving the foregoing General Objections, BTL provides the following Specific Objections and Responses to InMode's First Set of Requests for Production (Nos. 1–45).

1

**REQUEST NO. 1:**

All documents and things regarding the Patent-in-Suit, including all documents that reference or discuss the Patent-in-Suit, any related patent, or any InMode patent or patent application.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 1:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL objects to this Request to the extent that the information sought is publicly available, is already in InMode's possession, custody, or control, or is equally accessible to InMode. BTL further objects to this Request to the extent it seeks information not in BTL's possession, custody, or control, or confidential information of a third party. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it broadly seeks "*[a]ll* documents and things regarding the Patent-in-Suit, including *all* documents that reference or discuss the Patent-in-Suit, *any* related patent, or *any* InMode patent or patent application." BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "things," "regarding," "reference," "discuss," "related patent or patent application," and "InMode patent or patent application." BTL objects to this Request to the extent it seeks information regarding patents and patent applications not at issue in this case. To the extent BTL responds to this Request, it will limit its response to the Asserted Patent.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request

at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 2:**

Subject to and without waiving the foregoing General and Specific Objections, BTL will produce documents referencing the Patent-in-Suit and U.S. App. No. 11/704,067, to the extent such documents are non-privileged, exist within BTL's possession, custody, or control, and can be located after a reasonable search.

**REQUEST NO. 2:**

All documents and things relating to Defendant's awareness of the Patent-in-Suit or U.S. App. No. 11/704,067.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 3:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL objects to this Request to the extent that the information sought is publicly available, is already in InMode's possession, custody, or control, or is equally accessible to InMode. BTL further objects to this Request to the extent it seeks information not in BTL's possession, custody, or control, or confidential information of a third party. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it broadly seeks "*[a]ll* documents things relating to Defendant's awareness of the Patent-in-Suit or U.S. App. No. 11/704,067." BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "things" and "awareness." BTL objects to this Request to the extent it seeks information regarding patents and patent applications not at issue in

3

this case. To the extent BTL responds to this Request, it will limit its response to the Asserted Patent.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 2:**

Subject to and without waiving the foregoing General and Specific Objections, BTL will produce documents referencing the Patent-in-Suit and U.S. App. No. 11/704,067, to the extent such documents are non-privileged, exist within BTL's possession, custody, or control, and can be located after a reasonable search.

**REQUEST NO. 3:**

All documents and things relating to any opinions of counsel relating to the Patent-in-Suit, including opinions relating to infringement, validity, enforceability, scope, or ownership.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 4:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL further objects to this Request to the extent it seeks information not in BTL's possession, custody, or control, or confidential information of a third party. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the extent that it broadly seeks "*[a]ll* documents and things relating to *any* opinions of counsel relating to the Patent-in-Suit,

4

including opinions relating to infringement, validity, enforceability, scope, or ownership." BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "things" and "opinions." BTL further objects to this Request to the extent it seeks or requires a legal conclusion.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 3:**

Subject to and without waiving the foregoing General and Specific Objections, BTL will provide any opinions of counsel on which it intends to rely in accordance with the forthcoming Scheduling Order (*see* D.I. 165). BTL will not otherwise produce documents responsive to this Request as it seeks information protected by the attorney-client privilege and/or work product doctrine.

**REQUEST NO. 4:**

All Documents and Things that refer or relate to any investigation, report, opinion, study, or analysis, whether formal or informal by or for BTL into whether the Accused Instrumentalities directly or indirectly infringe or do not infringe any claim of the Patent-in-Suit, that relates to or refers to the validity or invalidity of any claim of the Patent-in-Suit, or that relates or refers to the enforceability or unenforceability of any claim in the Patent-in-Suit.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 5:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client

privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the extent that it broadly seeks "*[a]ll* Documents and Things that refer or relate to *any* investigation, report, opinion, study, or analysis, whether formal or informal by or for BTL into whether the Accused Instrumentalities directly or indirectly infringe or do not infringe *any* claim of the Patent-in-Suit, that relates to or refers to the validity or invalidity of *any* claim of the Patent-in-Suit, or that relates or refers to the enforceability or unenforceability of *any* claim in the Patent-in-Suit." BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "things," "investigation," "report," "opinion," "study," "analysis," "formal," and "informal." BTL further objects to this Request to the extent it seeks or requires a legal conclusion. BTL objects to this Request to the extent it seeks expert opinion or expert testimony.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 4:**

Subject to and without waiving the foregoing General and Specific Objections, BTL will provide any opinions of counsel on which it intends to rely in accordance with the forthcoming Scheduling Order (*see* D.I. 165). BTL will not otherwise produce documents responsive to this Request as it seeks information protected by the attorney-client privilege and/or work product doctrine.

**REQUEST NO. 5:**

All documents and things relating to InMode.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 6:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL objects to this Request to the extent that the information sought is publicly available, is already in InMode's possession, custody, or control, or is equally accessible to InMode. BTL further objects to this Request to the extent it seeks information not in BTL's possession, custody, or control, or confidential information of a third party. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the extent that it broadly seeks "*[a]ll* documents and things relating to InMode." BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined term "things."

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 5:**

BTL further objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1) because it seeks "[a]ll documents and things relating to InMode." Subject to and without waiving the foregoing General and Specific Objections, BTL will not produce documents responsive to this Request. BTL is

7

willing to meet and confer with InMode in an attempt to limit and clarify the scope of this Request further.

**REQUEST NO. 6:**

All documents and things relating to any communications between Defendant, or anyone acting on its behalf, and any other person relating to InMode, any InMode affiliate, the Patent-in-Suit, this lawsuit, or any claim, defense or remedy in this lawsuit.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 7:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL objects to this Request to the extent that the information sought is publicly available, is already in InMode's possession, custody, or control, or is equally accessible to InMode. BTL further objects to this Request to the extent it seeks information not in BTL's possession, custody, or control, or confidential information of a third party. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the extent that it broadly seeks "*[a]ll* documents and things relating to *any* communications between Defendant, or *anyone* acting on its behalf, and *any* other person relating to InMode, *any* InMode affiliate, the Patent-in-Suit, this lawsuit, or *any* claim, defense or remedy in this lawsuit." BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "things," "any communications," "anyone acting on its behalf," "any other person relating to InMode," "any claim, defense, or remedy," and "any InMode affiliate." BTL further objects to this Request to the extent it seeks or requires a legal conclusion.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 6:**

BTL further objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1) because it seeks "[a]ll documents and things relating to any communications between Defendant, or anyone acting on its behalf, and any other person relating to InMode, [and] any InMode affiliate." Subject to and without waiving the foregoing General and Specific Objections, BTL will produce documents referencing the Patent-in-Suit, to the extent such documents are non-privileged, exist within BTL's possession, custody, or control, and can be located after a reasonable search. BTL will not produce additional documents responsive to this Request. BTL is willing to meet and confer with InMode in an attempt to limit and clarify the scope of this Request further.

**REQUEST NO. 7:**

Documents and things relating to the features and functionality of any Accused Instrumentality, including specifications, requirement documents, schematics, manuals, drawings, guides, instructional materials, layouts, notebook entries, programming instructions, source code, and the like.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 8:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or

9

immunity. BTL objects to this Request to the extent that the information sought is publicly available, is already in InMode's possession, custody, or control, or is equally accessible to InMode. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the extent that it broadly seeks "[d]ocuments and things relating to the features and functionality of *any* Accused Instrumentality, including specifications, requirement documents, schematics, manuals, drawings, guides, instructional materials, layouts, notebook entries, programming instructions, source code, and the like." BTL further objects to this Request to the extent it seeks information not in BTL's possession, custody, or control, or confidential information of a third party. BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "things," "features," "functionality," specifications," "requirement documents," "schematics," "manuals," "drawings," "guides," "instruction materials," "layouts," "notebook entries," "programming instructions," "source code," and "the like." BTL objects to this Request to the extent it seeks information regarding BTL products not at issue in this case. BTL will limit its responses to the Emfemme 360 and the UltraFemme 360 devices, as standalone devices or applicators. FAC ¶ 55.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 7:**

BTL further objects to this Request to the extent it seeks documents or things relating to products, components, or features that are not accused of infringement in this action. For example,

10

the Exion system and Exilis system include multiple applicators and functionalities, only some of which are at issue. Subject to and without waiving the foregoing General and Specific Objections, BTL will produce documents sufficient to show the features and functionality of the Accused Instrumentalities that are specifically accused of infringing the asserted patent (e.g., those identified in InMode's Preliminary Infringement Contentions dated March 13, 2025), subject to BTL's response and objection to the term, and to the extent such documents are non-privileged, exist within BTL's possession, custody, or control, and can be located after a reasonable search. BTL will not produce documents relating solely to non-accused applicators or features.

**REQUEST NO. 8:**

Documents and things relating to the design, development, or testing of any Accused Instrumentality or Accused Procedure, including specifications, requirement documents, schematics, manuals, drawings, guides, instructional materials, layouts, tutorials, and notebook entries, programming instructions, source code, and the like.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 9:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. . BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the extent that it broadly seeks "[d]ocuments and things relating to the design, development, or testing of *any* Accused Instrumentality or Accused Procedure" without regard to the claims and defenses in this case. BTL will limit its responses to the Emfemme 360 and the UltraFemme 360 devices, as standalone devices or applicators. *See* FAC ¶ 55. BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "things," "design,"

11

"development," specifications," "requirement documents," "schematics," "manuals," "drawings," "guides," "instruction materials," "layouts," "notebook entries," "programming instructions," "source code," and "the like."

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 8:

BTL further objects to this Request to the extent it seeks documents or things relating to products, components, or features that are not accused of infringement in this action. For example, the Exion system and Exilis system include multiple applicators and functionalities, only some of which are at issue. Subject to and without waiving the foregoing General and Specific Objections, BTL will produce responsive documents related to the Accused Instrumentalities that are specifically accused of infringing the asserted patent (e.g., those identified in InMode's Preliminary Infringement Contentions dated March 13, 2025), subject to BTL's response and objection to the term, and to the extent such documents are non-privileged, exist within BTL's possession, custody, or control, and can be located after a reasonable search. BTL will not produce documents relating solely to non-accused applicators or features.

## REQUEST NO. 9:

All documents and things relating to how BTL instructs others on how to use or perform any Accused Instrumentality or Accused Procedure, including any user manuals, articles, data sheets, product specifications, tutorials, demonstrations, seminar materials, videos, or other instructional materials.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 10:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the extent that it broadly seeks "*[a]ll* documents and things relating to how BTL instructs others on how to use or perform any Accused Instrumentality or Accused Procedure, including *any* user manuals, articles, data sheets, product specifications, tutorials, demonstrations, seminar materials, videos, or other instructional materials." BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "instructs," "use," "perform," "user manuals," "articles," "data," "sheets," "product specifications," "tutorials," "demonstrations," "seminar materials," "videos," and "other instruction materials." BTL objects to this Request to the extent it seeks information regarding BTL products not at issue in this case. BTL will limit its responses to the Emfemme 360 and the UltraFemme 360 devices, as standalone devices or applicators. FAC ¶ 55.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 9:**

BTL further objects to the extent the Request implies a conclusion that any such documents "instruct[] others on how to use or perform any Accused Instrumentality or Accused Procedure."

13

BTL also objects to this Request to the extent it seeks documents or things relating to products, components, or features that are not accused of infringement in this action. For example, the Exion system and Exilis system include multiple applicators and functionalities, only some of which are at issue. Subject to and without waiving the foregoing General and Specific Objections, BTL will produce "user manuals articles, data sheets, product specifications, tutorials, seminar materials, videos" sufficient to show how BTL instructs others on how to use the Accused Instrumentalities or perform the Accused Procedures that are specifically accused of infringing the asserted patent (e.g., those identified in InMode's Preliminary Infringement Contentions dated March 13, 2025), subject to BTL's response and objection to the term, to the extent such documents are non-privileged, exist within BTL's possession, custody, or control, and can be located after a reasonable search.

**REQUEST NO. 10:**

Documents and things relating to the manufacture of the Accused Instrumentalities, including product drawings, schematics, manuals, and test protocols related to the Accused Instrumentalities.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 11:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL further objects to this Request to the extent it seeks information not in BTL's possession, custody, or control, or confidential information of a third party. BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "things," "manufacture," "product drawings," "schematics," "manuals," and "test protocols." BTL objects to this Request to the extent it seeks information regarding BTL products

not at issue in this case. BTL will limit its responses to the Emfemme 360 and the UltraFemme 360 devices, as standalone devices or applicators. FAC ¶ 55.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 10:**

BTL further objects to this Request to the extent it is duplicative of Request Nos. 7 and 8. BTL further objects to this Request as not proportional to the needs of the case, considering the importance of the issues at stake, the limited relevance of the requested materials to the claims and defenses, the amount in controversy, and the burden and expense of producing such documents. Subject to and without waiving the foregoing General and Specific Objections, BTL will not produce documents responsive to this Request. BTL is willing to meet and confer with InMode in an attempt to limit and clarify the scope of this Request further.

**REQUEST NO. 11:**

Samples of each Accused Product, including any packaging, instructions, guides, or labels for the Accused Product.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 12:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the

15

extent that it broadly seeks "[s]amples of each Accused Product, including *any* packaging, instructions, guides, or labels for the Accused Product." BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "samples," "packaging," "instructions," "guides," and "labels." BTL objects to this Request to the extent it seeks information regarding BTL products not at issue in this case. BTL will limit its responses to the Emfemme 360 and the UltraFemme 360 devices, as standalone devices or applicators. FAC ¶ 55.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 11:**

Subject to and without waiving the foregoing General and Specific Objections, BTL will make a sample of the Emfemme 360 available to InMode for inspection. BTL does not have access to an UltraFemme 360 device and, therefore, cannot produce samples of such device.

**REQUEST NO. 12:**

Documents and things sufficient to identify any internal code names for each of the Accused Instrumentalities.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 13:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome,

16

not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the extent that it broadly seeks "[d]ocuments and things sufficient to identify *any* internal code names for each of the Accused Instrumentalities." BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "things" and "internal code names." BTL objects to this Request to the extent it seeks information regarding BTL products not at issue in this case. BTL will limit its responses to the Emfemme 360 and the UltraFemme 360 devices, as standalone devices or applicators. FAC ¶ 55.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 12:**

Subject to and without waiving the foregoing objections and the General Objections, BTL will produce documents sufficient to identify alternate names for each of the Accused Instrumentalities, subject to BTL's response and objection to the term, to the extent such documents are non-privileged, exist within BTL's possession, custody, or control, and can be located after a reasonable search.

**REQUEST NO. 13:**

Documents and things relating to any benefits, advantages or disadvantages of any feature, functionality, or process accused of infringement, including documents relating to any features that drive consumer demand for the Accused Instrumentalities.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 14:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the extent that it broadly seeks "[d]ocuments and things relating to *any* benefits, advantages or disadvantages of *any* feature, functionality, or process accused of infringement, including documents relating to *any* features that drive consumer demand for the Accused Instrumentalities." BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "things," "benefits," "advantages," "disadvantages," "feature," "functionality," "process," "features," "drive," and "consumer demand." BTL objects to this Request to the extent it seeks information regarding BTL products not at issue in this case. BTL will limit its responses to the Emfemme 360 and the UltraFemme 360 devices, as standalone devices or applicators. FAC ¶ 55.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 13:**

Subject to and without waiving the foregoing General and Specific Objections, BTL will not produce documents responsive to this Request. BTL is willing to meet and confer with InMode in an attempt to limit and clarify the scope of this Request further.

18

**REQUEST NO. 14:**

All documents and things relating any attempts to design around or modify the Accused Instrumentalities and Accused Procedures to avoid infringement of the Patent-in-Suit.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 15:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the extent that it broadly seeks "*[a]ll* documents and things relating *any* attempts to design around or modify the Accused Instrumentalities and Accused Procedures to avoid infringement of the Patent-in-Suit." BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "things," "attempts," "design around," and "modify." BTL further objects to this Request to the extent it seeks or requires a legal conclusion. BTL objects to this Request to the extent it seeks information regarding BTL products not at issue in this case. BTL will limit its responses to the Emfemme 360 and the UltraFemme 360 devices, as standalone devices or applicators. FAC ¶ 55.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 14:**

Subject to and without waiving the foregoing General and Specific Objections, BTL will

produce documents sufficient to show the design and operation of the Accused Instrumentalities and Accused Procedures, subject to BTL's response and objection to the terms, to the extent such documents are non-privileged, exist within BTL's possession, custody, or control, and can be located after a reasonable search.

**REQUEST NO. 15:**

All Documents and Things upon which BTL is or will be relying to avoid liability for willful infringement.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 16:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the extent that it broadly seeks "*[a]ll* Documents and Things upon which BTL is or will be relying to avoid liability for willful infringement." BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "[t]hings," and "will be." BTL further objects to this Request to the extent it seeks or requires a legal conclusion.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

20

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 15:**

Subject to and without waiving the foregoing General and Specific Objections, BTL will produce documents it intends to rely on to support any defense against InMode's allegations of willful infringement of the '511 patent, to the extent such documents are non-privileged, exist within BTL's possession, custody, or control, and can be located after a reasonable search. BTL will further provide any opinions of counsel on which it intends to rely in accordance with the forthcoming Scheduling Order (*see* D.I. 165) but will not produce any other opinions of counsel protected by the attorney-client privilege and/or work product doctrine.

**REQUEST NO. 16:**

All Documents and Things identified or referred to within, relied upon in preparing, or otherwise supporting BTL's responses to any Interrogatory served on BTL in this action.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 17:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the extent that it broadly seeks "*[a]ll* Documents and Things identified or referred to within, relied upon in preparing, or otherwise supporting BTL's responses to any Interrogatory served on BTL in this action." BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "[t]hings," "referred to within, "relied upon," and "otherwise supporting."

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion

to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 16:**

Subject to and without waiving the foregoing General and Specific Objections, BTL will produce documents cited in its Interrogatory responses, to the extent such documents are non-privileged, exist within BTL's possession, custody, or control, and can be located after a reasonable search.

**REQUEST NO. 17:**

All documents and things relating to BTL's contentions that the Accused Instrumentalities and Accused Procedures may or may not directly infringe, induce infringement of, or contributorily infringe the '511 patent under 35 U.S.C. §§ 271(a),(b),(c).

**RESPONSE AND OBJECTIONS TO REQUEST NO. 18:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the extent that it broadly seeks "*[a]ll* documents and things relating to BTL's contentions that the Accused Instrumentalities and Accused Procedures may or may not directly infringe, induce infringement of, or contributorily infringe the '511 patent." BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined term "things." BTL further objects to this Request to the extent it seeks or requires a legal conclusion. BTL objects to this Request to the extent it seeks information regarding BTL products not at issue in this case.

22

BTL will limit its responses to the Emfemme 360 and the UltraFemme 360 devices, as standalone devices or applicators. FAC ¶ 55.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 17:

Subject to and without waiving the foregoing General and Specific Objections, BTL will produce documents it intends to rely on to support any defense against InMode's allegations of infringement of the '511 patent, to the extent such documents are non-privileged, exist within BTL's possession, custody, or control, and can be located after a reasonable search.

## REQUEST NO. 18:

Documents and things relating to any patent, invention disclosure, or patent application, whether pending or abandoned, owned by, assigned to, or filed on behalf of Defendant, relating to tissue remodeling or any Accused Instrumentality, or that cites the Patent-in-Suit or any other InMode patent or patent application.

## RESPONSE AND OBJECTIONS TO REQUEST NO. 19:

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the extent that it broadly seeks "[d]ocuments and things relating to *any* patent, invention disclosure,

23

or patent application, whether pending or abandoned, owned by, assigned to, or filed on behalf of Defendant, relating to tissue remodeling or *any* Accused Instrumentality, or that cites the Patent-in-Suit or *any* other InMode patent or patent application." BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "things," "invention disclosure," "on behalf of," "cites," and "any other InMode patent or patent application." BTL objects to this Request to the extent it seeks information regarding BTL products not at issue in this case and patents not at issue in the case. BTL will limit its responses to the Emfemme 360 and the UltraFemme 360 devices, as standalone devices or applicators. FAC ¶ 55. BTL objects to this Request to the extent it seeks information regarding patents not asserted in this case. BTL will limit its response to the Asserted Patent.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 18:**

BTL further objects to this Request as not proportional to the needs of the case, considering the importance of the issues at stake, the limited relevance of the requested materials to the claims and defenses, the amount in controversy, and the burden and expense of producing such documents. Subject to and without waiving the foregoing General and Specific Objections, BTL will not produce documents responsive to this Request. BTL is willing to meet and confer with InMode in an attempt to limit and clarify the scope of this Request further.

24

**REQUEST NO. 19:**

Documents and things relating to the decision to develop any Accused Instrumentality or Accused Procedure, including documents relating to the potential market for each product, potential competitors, and third-party patent rights.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 20:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the extent that it broadly seeks "[d]ocuments and things relating to the decision to develop *any* Accused Instrumentality or Accused Procedure" without regard to the claims and defenses in this case. BTL will limit its response to the Emfemme 360 and the UltraFemme 360 devices, as standalone devices or applicators. FAC ¶ 55. BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "things," "decision," "develop," "potential market," "potential competitors," and "third-party patent rights." BTL further objects to this Request to the extent it seeks or requires a legal conclusion. BTL objects to this Request to the extent it seeks information regarding patents not asserted in this case. BTL will limit its response to the Asserted Patent. BTL objects to this Request to the extent it seeks information regarding the market of the Emfemme 360 and UltraFemme 360 outside of the United States. BTL will limit its response to the United States.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request

at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 19:**

BTL also objects to this Request to the extent it seeks documents or things relating to products, components, or features that are not accused of infringement in this action. For example, the Exion system and Exilis system include multiple applicators and functionalities, only some of which are at issue. Subject to and without waiving the foregoing General and Specific Objections, BTL will produce documents relating to the market for the Accused Instrumentalities, subject to BTL's response and objection to the term, to the extent such documents are non-privileged, exist within BTL's possession, custody, or control, and can be located after a reasonable search.

**REQUEST NO. 20:**

Documents and things sufficient to show, for each Accused Instrumentality on a quarterly basis, the number of units manufactured in whole or in part in the United States.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 21:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "things," "sufficient," "units," "manufactured," "whole," and "in part." BTL objects to this Request to the extent it seeks information regarding BTL products not at issue in this case. BTL will limit its responses to the Emfemme 360 and the UltraFemme 360 devices, as standalone devices or applicators. FAC ¶ 55.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion

26

to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 20:**

Subject to and without waiving the foregoing General and Specific Objections, BTL states that the Accused Instrumentalities, subject to BTL's response and objection to the term, are not manufactured in the United States. Therefore, BTL will not produce documents responsive to this request.

**REQUEST NO. 21:**

Documents and things sufficient to show, for each Accused Instrumentality on a quarterly basis, the number of products imported into the United States by or on behalf of BTL.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 22:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "things," "sufficient," and "on behalf of BTL." BTL objects to this Request to the extent it seeks information regarding BTL products not at issue in this case. BTL will limit its responses to the Emfemme 360 and the UltraFemme 360 devices, as standalone devices or applicators. FAC ¶ 55.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request

at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 21:**

BTL also objects to this Request to the extent it seeks documents or things relating to products, components, or features that are not accused of infringement in this action. For example, the Exion system and Exilis system include multiple applicators and functionalities, only some of which are at issue. Subject to and without waiving the foregoing General and Specific Objections, BTL will produce documents sufficient to show, for each Accused Instrumentality, the number of products imported into the United States by or on behalf of BTL, subject to BTL's response and objection to the term, to the extent such documents are non-privileged, exist within BTL's possession, custody, or control, and can be located after a reasonable search.

**REQUEST NO. 22:**

All contracts and agreements with other persons related to the manufacture, testing, sale, development, or marketing of the Accused Instrumentalities or Accused Procedures.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 23:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL further objects to this Request to the extent it seeks information not in BTL's possession, custody, or control, or confidential information of a third party. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the extent that it broadly seeks "*[a]ll* contracts and agreements with other persons related to the manufacture, testing, sale, development, or marketing of the Accused Instrumentalities or Accused Procedures." BTL further

objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "contracts," "agreements," "other persons," "manufacture," "testing," "development," and "marketing." BTL objects to this Request to the extent it seeks information regarding BTL products not at issue in this case. BTL will limit its responses to the Emfemme 360 and the UltraFemme 360 devices, as standalone devices or applicators. FAC ¶ 55.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 22:**

BTL objects to this Interrogatory as overly burdensome and not proportional to the needs of the case to the extent it seeks "[a]ll contracts and agreements with other persons related to the manufacture, testing, sale, development, or marketing." BTL also objects to this Request to the extent it seeks documents or things relating to products, components, or features that are not accused of infringement in this action. For example, the Exion system and Exilis system include multiple applicators and functionalities, only some of which are at issue. BTL further objects to this Request to the extent it seeks information subject to confidentiality or non-disclosure agreements with third parties. Subject to and without waiving the foregoing General and Specific Objections, BTL will not produce documents responsive to this Request. BTL is willing to meet and confer with InMode in an attempt to limit and clarify the scope of this Request further.

29

**REQUEST NO. 23:**

Documents and things relating to the advertising or promotion of any Accused Instrumentality and Accused Procedure, including any advertisements or advertising campaigns, advertising budgets and expenditures, brochures, pamphlets, catalogs, or price lists.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 24:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL objects to this Request to the extent that the information sought is publicly available, is already in InMode's possession, custody, or control, or is equally accessible to InMode. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the extent that it broadly seeks "[d]ocuments and things relating to the advertising or promotion of *any* Accused Instrumentality and Accused Procedure, including *any* advertisements or advertising campaigns, advertising budgets and expenditures, brochures, pamphlets, catalogs, or price lists." BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "things," "advertisements," "advertising," "promotion," "advertising campaigns," "advertising budgets and expenditures," "brochures," "pamphlets," "catalogs," and "price lists." BTL objects to this Request to the extent it seeks information regarding BTL products not at issue in this case. BTL will limit its responses to the Emfemme 360 and the UltraFemme 360 devices, as standalone devices or applicators. FAC ¶ 55. BTL objects to this Request to the extent it seeks marketing of the Emfemme 360 and UltraFemme 360 outside of the United States. BTL will limit its response to the United States.

30

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 23:**

BTL also objects to this Request to the extent it seeks documents or things relating to products, components, or features that are not accused of infringement in this action. For example, the Exion system and Exilis system include multiple applicators and functionalities, only some of which are at issue. Subject to and without waiving the foregoing General and Specific Objections, BTL will produce documents sufficient to show BTL's advertising and marketing of the Accused Instrumentalities and Accused Procedures, subject to BTL's response and objection to the terms, to the extent such documents are non-privileged, exist within BTL's possession, custody, or control, and can be located after a reasonable search.

**REQUEST NO. 24:**

Documents relating to any conference, seminar, exhibition, convention, or trade show at which any Accused Instrumentality or Accused Procedure was discussed, referred to, advertised, displayed, demonstrated, or shown.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 25:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL objects to this Request to the extent that the information sought is publicly available, is already in InMode's possession, custody, or control, or is equally accessible to

31

InMode. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the extent that it broadly seeks "[d]ocuments relating to *any* conference, seminar, exhibition, convention, or trade show at which *any* Accused Instrumentality or Accused Procedure was discussed, referred to, advertised, displayed, demonstrated, or shown." BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "conference," "seminar," "exhibition," "convention," "trade show," "discussed," "referred to," "advertised," "displayed," "demonstrated," and "shown." BTL objects to this Request to the extent it seeks information regarding BTL products not at issue in this case. BTL will limit its responses to the Emfemme 360 and the UltraFemme 360 devices, as standalone devices or applicators. FAC ¶ 55.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 24:**

BTL also objects to this Request to the extent it seeks documents or things relating to products, components, or features that are not accused of infringement in this action. For example, the Exion system and Exilis system include multiple applicators and functionalities, only some of which are at issue. BTL further objects to this Request as duplicative of Request No. 23. Subject to and without waiving the foregoing General and Specific Objections, BTL will produce documents sufficient to show BTL's advertising and marketing of the Accused Instrumentalities and Accused Procedures, subject to BTL's response and objection to the terms, to the extent such

32

documents are non-privileged, exist within BTL's possession, custody, or control, and can be located after a reasonable search.

**REQUEST NO. 25:**

Documents and things related to relevant U.S. sales market for the Accused Instrumentalities or Accused Procedure, including any studies, reports, or analyses relating to market share, market demand, market segments, competition, competitor services or devices, consumer surveys, or revenue.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 26:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the extent that it broadly seeks "*any* studies, reports, or analyses relating to market share, market demand, market segments, competition, competitor services or devices, consumer surveys, or revenue." BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "things," "relevant U.S. sales market," "studies," "reports," "analyses," "market share," "market demand," "market segments," "competition," "competitor services," "devices," "consumer surveys," and "revenue." BTL objects to this Request to the extent it seeks information regarding BTL products not at issue in this case. BTL will limit its responses to the Emfemme 360 and the UltraFemme 360 devices, as standalone devices or applicators. FAC ¶ 55. BTL objects to this Request to the extent it seeks expert opinion or expert testimony.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 25:**

BTL also objects to this Request to the extent it seeks documents or things relating to products, components, or features that are not accused of infringement in this action. For example, the Exion system and Exilis system include multiple applicators and functionalities, only some of which are at issue. Subject to and without waiving the foregoing General and Specific Objections, BTL will not produce documents responsive to this Request because the request is ambiguous and overbroad, failing to particularly identify the documents being requested. BTL is willing to meet and confer with InMode in an attempt to limit and clarify the scope of this Request further.

**REQUEST NO. 26:**

Documents and things relating to any products or procedures that compete with any Accused Instrumentality or Accused Procedure, including any analyses of the strengths or weaknesses of those products or procedures compared to any Accused Instrumentality or Accused Procedure.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 27:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL objects to this Request to the extent that the information sought is publicly available, is already in InMode's possession, custody, or control, or is equally accessible to

34

InMode. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the extent that it broadly seeks "[d]ocuments and things relating to *any* products or procedures that compete with *any* Accused Instrumentality or Accused Procedure, including *any* analyses of the strengths or weaknesses of those products or procedures compared to *any* Accused Instrumentality or Accused Procedure." BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "things," "products," "procedures," "compete," "analyses," "strengths," "weaknesses," and "compared to." BTL objects to this Request to the extent it seeks information regarding BTL products not at issue in this case. BTL will limit its responses to the Emfemme 360 and the UltraFemme 360 devices, as standalone devices or applicators. FAC ¶ 55. BTL objects to this Request to the extent it seeks expert testimony or expert opinion.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 26:**

Subject to and without waiving the foregoing General and Specific Objections, BTL will not produce documents responsive to this Request. BTL is willing to meet and confer with InMode in an attempt to limit and clarify the scope of this Request further.

**REQUEST NO. 27:**

Documents and things related to any alleged non-infringing substitutes or alternatives for the Accused Instrumentalities and the Accused Procedure.

35

**RESPONSE AND OBJECTIONS TO REQUEST NO. 28:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL objects to this Request to the extent that the information sought is publicly available, is already in InMode's possession, custody, or control, or is equally accessible to InMode. BTL further objects to this Request to the extent it seeks information not in BTL's possession, custody, or control, or confidential information of a third party. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the extent that it broadly seeks "[d]ocuments and things related to *any* alleged non-infringing substitutes or alternatives for the Accused Instrumentalities and the Accused Procedure." BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "things" and "non-infringing substitutes or alternatives." BTL further objects to this Request to the extent it seeks or requires a legal conclusion. BTL objects to this Request to the extent it seeks information regarding BTL products not at issue in this case. BTL will limit its responses to the Emfemme 360 and the UltraFemme 360 devices, as standalone devices or applicators. FAC ¶ 55. BTL objects to this Request to the extent it seeks expert opinion or expert testimony.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

36

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 27:**

Subject to and without waiving the foregoing General and Specific Objections, BTL will produce documents sufficient to show any non-infringing alternatives for the Accused Instrumentalities and Accused Procedures, subject to BTL's response and objection to the terms, subject to BTL's response and objection to the terms, to the extent such documents are nonprivileged, exist within BTL's possession, custody, or control, and can be located after a reasonable search.

**REQUEST NO. 28:**

Documents and things relating to feedback from customers, end consumers, or other third parties regarding the Accused Instrumentalities and the Accused Procedures, including an identification of any documents including feedback related to the Accused Instrumentalities and Accused Procedures, the feedback including but not limited to positive feedback, such as customer or end consumer's features or functionality sought in the Accused Instrumentalities and Accused Procedures as well as any negative feedback.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 29:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the extent that it broadly seeks "[d]ocuments and things relating to feedback from customers, end consumers, or *other third parties* regarding the Accused Instrumentalities and the Accused Procedures, including an identification of *any* documents including feedback related to the Accused Instrumentalities and Accused Procedures." BTL further objects to this Request as vague,

37

ambiguous, and lacking sufficient particularity in its use of the undefined terms "things," "feedback," "customers," "end consumers," "other third parties," "positive feedback," "customer," "end customer," "features," "functionality," and "negative feedback." BTL further objects to this Request to the extent it seeks or requires a legal conclusion. BTL objects to this Request to the extent it seeks information regarding BTL products not at issue in this case. BTL will limit its responses to the Emfemme 360 and the UltraFemme 360 devices, as standalone devices or applicators. FAC ¶ 55.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**<u>FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 28:</u>**

BTL also objects to this Request to the extent it seeks documents or things relating to products, components, or features that are not accused of infringement in this action. For example, the Exion system and Exilis system include multiple applicators and functionalities, only some of which are at issue. BTL further objects to this Request as not proportional to the needs of the case, considering the importance of the issues at stake, the limited relevance of the requested materials to the claims and defenses, the amount in controversy, and the burden and expense of producing such documents. Subject to and without waiving the foregoing General and Specific Objections, BTL will not produce documents responsive to this Request. BTL is willing to meet and confer with InMode in an attempt to limit and clarify the scope of this Request further.

**REQUEST NO. 29:**

Documents and things relating to any license, settlement, or other agreement taken, offered to or by, or accepted by Defendant relating to any Accused Instrumentality, Accused Procedure, or any tissue remodeling device or procedure.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 30:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the extent that it broadly seeks "[d]ocuments and things relating to *any* license, settlement, or other agreement taken, offered to or by, or accepted by Defendant relating to *any* Accused Instrumentality, Accused Procedure, or *any* tissue remodeling device or procedure." BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "things," "other agreement," and "tissue remodeling device or procedure." BTL objects to this Request to the extent it seeks information regarding BTL products not at issue in this case. BTL will limit its responses to the Emfemme 360 and the UltraFemme 360 devices, as standalone devices or applicators. FAC ¶ 55.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

39

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 29:**

BTL also objects to this Request to the extent it seeks documents or things relating to products, components, or features that are not accused of infringement in this action. For example, the Exion system and Exilis system include multiple applicators and functionalities, only some of which are at issue. Subject to and without waiving the foregoing General and Specific Objections, BTL will produce licenses and settlement agreements related to the Accused Instrumentalities and Accused Procedures, subject to BTL's response and objection to the terms, to the extent such documents are non-privileged, exist within BTL's possession, custody, or control, and can be located after a reasonable search.

**REQUEST NO. 30:**

Documents and things relating to any patent infringement indemnification provisions or agreements between Defendant and any other party relating to any Accused Instrumentality or Accused Procedure.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 31:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL further objects to this Request to the extent it seeks information not in BTL's possession, custody, or control, or confidential information of a third party. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the extent that it broadly seeks "[d]ocuments and things relating to *any* patent infringement indemnification provisions or agreements between Defendant and *any* other party relating to any Accused Instrumentality or Accused Procedure." BTL further objects to this Request as vague, ambiguous, and lacking

40

sufficient particularity in its use of the undefined terms "things," "provisions or agreements," and "any other party." BTL objects to this Request to the extent it seeks information regarding BTL products not at issue in this case. BTL will limit its responses to the Emfemme 360 and the UltraFemme 360 devices, as standalone devices or applicators. FAC ¶ 55.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 30:**

BTL also objects to this Request to the extent it seeks documents or things relating to products, components, or features that are not accused of infringement in this action. For example, the Exion system and Exilis system include multiple applicators and functionalities, only some of which are at issue. Subject to and without waiving the foregoing General and Specific Objections, BTL will produce patent infringement indemnification provisions relating to the Accused Instrumentalities and Accused Procedures, subject to BTL's response and objection to the terms, to the extent such documents are non-privileged, exist within BTL's possession, custody, or control, and can be located after a reasonable search.

**REQUEST NO. 31:**

Documents and things relating to any compensation – whether financial or otherwise – that any third party doctor has received from BTL or any related company and the basis for such compensations.

41

**RESPONSE AND OBJECTIONS TO REQUEST NO. 32:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL further objects to this Request to the extent it seeks information not in BTL's possession, custody, or control, or confidential information of a third party. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the extent that it broadly seeks "[d]ocuments and things relating to *any* compensation" without regard to the claims and defenses in this case. BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "things," "compensation," "third party doctor," and "related company."

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 31:**

BTL further objects to this Request as not proportional to the needs of the case, considering the importance of the issues at stake, the limited relevance of the requested materials to the claims and defenses, the amount in controversy, and the burden and expense of producing such documents. Subject to and without waiving the foregoing General and Specific Objections, BTL will not produce any documents responsive to this request.

42

**REQUEST NO. 32:**

Documents relating to any third party doctor's involvement with the commercial development of the Accused Instrumentalities and Accused Procedures.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 33:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL further objects to this Request to the extent it seeks information not in BTL's possession, custody, or control, or confidential information of a third party. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the extent that it broadly seeks "[d]ocuments relating to *any* third party doctor's involvement with the commercial development of the Accused Instrumentalities and Accused Procedures." BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "third party doctor," "involvement," and "development." BTL objects to this Request to the extent it seeks information regarding BTL products not at issue in this case. BTL will limit its responses to the Emfemme 360 and the UltraFemme 360 devices, as standalone devices or applicators. FAC ¶ 55.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

43

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 32:**

BTL also objects to this Request to the extent it seeks documents or things relating to products, components, or features that are not accused of infringement in this action. For example, the Exion system and Exilis system include multiple applicators and functionalities, only some of which are at issue. BTL further objects to this Request as not proportional to the needs of the case, considering the importance of the issues at stake, the limited relevance of the requested materials to the claims and defenses, the amount in controversy, and the burden and expense of producing such documents. Subject to and without waiving the foregoing General and Specific Objections, BTL will not produce documents responsive to this Request. BTL is willing to meet and confer with InMode in an attempt to limit and clarify the scope of this Request further.

**REQUEST NO. 33:**

Documents and things supporting, refuting, or otherwise relating to Defendant's counterclaims.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 34:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL objects to this Request to the extent that the information sought is publicly available, is already in InMode's possession, custody, or control, or is equally accessible to InMode. BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "things," "supporting," "refuting," and "otherwise relating to." BTL further objects to this Request to the extent it seeks or requires a legal conclusion.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 33:**

Subject to and without waiving the foregoing General and Specific Objections, BTL will produce documents relating to its counterclaims, to the extent such documents are non-privileged, exist within BTL's possession, custody, or control, and can be located after a reasonable search.

**REQUEST NO. 34:**

Documents and things supporting, refuting, or otherwise relating to Defendant's allegations that it is entitled to attorney fees and litigation costs.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 35:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "things," "supporting," "refuting," and "otherwise relating to." BTL further objects to this Request to the extent it seeks or requires a legal conclusion.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

45

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 34:**

Subject to and without waiving the foregoing General and Specific Objections, BTL will produce documents relating to its entitlement to attorney fees and litigation costs, to the extent such documents are non-privileged, exist within BTL's possession, custody, or control, and can be located after a reasonable search.

**REQUEST NO. 35:**

Documents and things sufficient to describe all Defendant's electronic data and document retention policies.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 36:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the extent that it broadly seeks "[d]ocuments and things sufficient to describe *all* Defendant's electronic data and document retention policies." BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "things," "electronic data," and "document retention policies."

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 35:**

BTL further objects to this Request as not proportional to the needs of the case, considering the importance of the issues at stake, the limited relevance of the requested materials to the claims and defenses, the amount in controversy, and the burden and expense of producing such documents. Subject to and without waiving the foregoing General and Specific Objections, BTL will not produce any documents responsive to this request.

**REQUEST NO. 36:**

Documents and things related to any agreements relating to the subject matter or outcome of this lawsuit, including agreements reflecting any financial or other interest in the lawsuit's outcome or any person's obligation to indemnify.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 37:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL further objects to this Request to the extent it seeks information not in BTL's possession, custody, or control, or confidential information of a third party. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the extent that it broadly seeks "[d]ocuments and things related to *any* agreements relating to the subject matter or outcome of this lawsuit, including agreements reflecting *any* financial or other interest in the lawsuit's outcome or *any* person's obligation to indemnify." BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "things," "agreements," "subject matter," and "other interest."

47

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 36:**

Subject to and without waiving the foregoing General and Specific Objections, BTL will produce indemnification agreements related to this lawsuit, to the extent such documents are non-privileged, exist within BTL's possession, custody, or control, and can be located after a reasonable search.

**REQUEST NO. 37:**

All Documents and Things that refer or relate to any alleged secondary considerations of non-obviousness of the patents-in-suit, including, without limitation, whether (a) the subject matter of any claim satisfied a long-felt need in the art to which they pertain; (b) the industry failed to solve problems that are solved by the subject matter of any claim; (c) experts in the industry expressed skepticism relating to the subject matter of any claim; (d) the subject matter of any claim has been a commercial success; (e) the industry has recognized the significance of the subject matter of any claim; (f) the subject matter of any claim has been copied by others in the industry; (g) the subject matter of any claim achieved unexpected results; and/or (h) there is any secondary consideration that affects the determination of patentability of any subject matter of any claim of the patents-in-suit.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 38:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client

48

privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL objects to this Request to the extent that the information sought is publicly available, is already in InMode's possession, custody, or control, or is equally accessible to InMode. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the extent that it broadly seeks "*[a]ll* Documents and Things that refer or relate to *any* alleged secondary considerations of non-obviousness of the patents-in-suit." BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "things," "art," "pertain," "industry," "problems," "skepticism," "expressed," "commercial success," "recognized," "significance," "any claim," "others," "achieved," and "unexpected results." BTL further objects to this Request to the extent it seeks or requires a legal conclusion. BTL objects to this Request to the extent it seeks expert opinion or expert testimony. BTL objects to this Request to the extent InMode seeks to shift its burden of proving secondary considerations onto BTL.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 37:**

BTL further objects to this Request because Plaintiff carries the burden to prove secondary considerations of nonobviousness. Subject to and without waiving the foregoing General and Specific Objections, BTL will not produce documents responsive to this Request.

49

**REQUEST NO. 38:**

All Documents and Things concerning any alleged nexus or lack thereof between any alleged secondary consideration of non-obviousness and the subject matter clamed in the Patent-in-Suit.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 39:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the extent that it broadly seeks "*[a]ll* Documents and Things concerning *any* alleged nexus or lack thereof between *any* alleged secondary consideration of non-obviousness and the subject matter clamed in the Patent-in-Suit." BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "things" and "subject matter." BTL further objects to this Request to the extent it seeks or requires a legal conclusion. BTL objects to this Request to the extent it seeks expert opinion or expert testimony. BTL objects to this Request to the extent InMode seeks to shift its burden of proving secondary considerations onto BTL.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 38:**

BTL further objects to this Request because Plaintiff carries the burden to prove secondary considerations of nonobviousness. Subject to and without waiving the foregoing General and Specific Objections, BTL will not produce documents responsive to this Request.

**REQUEST NO. 39:**

All agreements relating to the Accused Instrumentalities and Accused Procedures, including any consulting agreements, licenses agreements, royalty shares, financing, contracts and attachments or exhibits thereto.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 40:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL further objects to this Request to the extent it seeks information not in BTL's possession, custody, or control, or confidential information of a third party. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the extent that it broadly seeks "*[a]ll* agreements relating to the Accused Instrumentalities and Accused Procedures." BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "agreements," "consulting agreements," "licenses agreements," "royalty shares," "financing," "contracts," "attachments," and "exhibits." BTL objects to this Request to the extent it seeks information regarding BTL products not at issue in this case. BTL will limit its responses to the Emfemme 360 and the UltraFemme 360 devices, as standalone devices or applicators. FAC ¶ 55.

51

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 39:**

BTL also objects to this Request to the extent it seeks documents or things relating to products, components, or features that are not accused of infringement in this action. For example, the Exion system and Exilis system include multiple applicators and functionalities, only some of which are at issue. BTL further objects to this Request as not proportional to the needs of the case, considering the importance of the issues at stake, the limited relevance of the requested materials to the claims and defenses, the amount in controversy, and the burden and expense of producing such documents. Subject to and without waiving the foregoing General and Specific Objections, BTL will not produce documents responsive to this Request. BTL is willing to meet and confer with InMode in an attempt to limit and clarify the scope of this Request further.

**REQUEST NO. 40:**

Documents and things sufficient to show, for each Accused Instrumentality on a quarterly basis, quantity sold, price, gross revenue, terms and conditions of sale, customer name, and country of sale.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 41:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL further objects to this Request as vague, ambiguous, and lacking sufficient

52

particularity in its use of the undefined terms "things," "gross revenue," and "terms and conditions." BTL objects to this Request to the extent it seeks information regarding BTL products not at issue in this case. BTL will limit its responses to the Emfemme 360 and the UltraFemme 360 devices, as standalone devices or applicators. FAC ¶ 55. BTL objects to this Request to the extent it seeks sales of the Emfemme 360 and UltraFemme 360 outside of the United States. BTL will limit its sales that were made to or from within the United States.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 40:**

BTL also objects to this Request to the extent it seeks documents or things relating to products, components, or features that are not accused of infringement in this action. For example, the Exion system and Exilis system include multiple applicators and functionalities, only some of which are at issue. BTL objects to this request as overly burdensome to the extent it seeks customer names corresponding to every sale and/or information related to sales made outside the United States, which cannot constitute infringing sales. Subject to and without waiving the foregoing General and Specific Objections, BTL will produce documents sufficient to show the sales and revenue of the Accused Instrumentalities, customer names, and terms and conditions, subject to BTL's response and objection to the terms, within the United States on or after October 11, 2017, to the extent such documents are non-privileged, exist within BTL's possession, custody, or control, and can be located after a reasonable search.

**REQUEST NO. 41:**

Documents and things sufficient to show the profitability of each Accused Instrumentality, including revenues, costs of sale, order contributions, product margins, gross margins, and operating profits.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 42:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL further objects to this Request to the extent it seeks information not in BTL's possession, custody, or control, or confidential information of a third party. BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "things," "profitability," "cost of sale" "order contributions," "product margins," "gross margins," and "operating profits." BTL objects to this Request to the extent it seeks information regarding BTL products not at issue in this case. BTL will limit its responses to the Emfemme 360 and the UltraFemme 360 devices, as standalone devices or applicators. FAC ¶ 55. BTL objects to this Request to the extent it seeks sales of the Emfemme 360 and UltraFemme 360 outside of the United States. BTL will limit its sales that were made to or from within the United States. BTL objects to this Request to the extent it calls for expert opinion or expert testimony.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 41:**

BTL also objects to this Request to the extent it seeks documents or things relating to products, components, or features that are not accused of infringement in this action. For example, the Exion system and Exilis system include multiple applicators and functionalities, only some of which are at issue. Subject to and without waiving the foregoing General and Specific Objections, BTL will produce documents sufficient to show the sales and revenue of the Accused Instrumentalities, subject to BTL's response and objection to the terms, within the United States on or after October 11, 2017, to the extent such documents are nonprivileged, exist within BTL's possession, custody, or control, and can be located after a reasonable search.

**REQUEST NO. 42:**

All financial statements (audited and unaudited), annual financial reports, income statements, balance sheets, public offerings, financial projections, forecasts, profit and loss statements, and company reports concerning the Accused Instrumentalities and Accused Procedures prepared by or on behalf of BTL from 2017 to present.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 43:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the extent that it broadly seeks "*[a]ll* financial statements (audited and unaudited), annual financial reports, income statements, balance sheets, public offerings, financial projections, forecasts, profit and loss statements, and company reports concerning the Accused Instrumentalities and Accused Procedures prepared by or on behalf of BTL from 2017 to present." BTL further objects to this

Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "financial statements (audited and unaudited)," "annual financial reports," "income statements," "balance sheets," "public offerings," "financial projections, "forecasts," "profit and loss statements," "company reports," and "on behalf of BTL." BTL objects to this Request to the extent it seeks information regarding BTL products not at issue in this case. BTL will limit its responses to the Emfemme 360 and the UltraFemme 360 devices, as standalone devices or applicators. FAC ¶ 55. BTL objects to this Request to the extent it seeks sales of the Emfemme 360 and UltraFemme 360 outside of the United States. BTL will limit its sales that were made to or from within the United States.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 42:**

BTL also objects to this Request to the extent it seeks documents or things relating to products, components, or features that are not accused of infringement in this action. For example, the Exion system and Exilis system include multiple applicators and functionalities, only some of which are at issue. BTL further objects to this Request as not proportional to the needs of the case, considering the importance of the issues at stake, the limited relevance of the requested materials to the claims and defenses, the amount in controversy, and the burden and expense of producing such documents. Subject to and without waiving the foregoing General and Specific Objections, BTL will produce documents responsive to this Request to the extent such documents are responsive to Request No. 40 and 41, subject to BTL's objections and responses thereto.

56

**REQUEST NO. 43:**

Documents and Things sufficient to show for each year from 2017 to present on a quarterly basis, sales information on a product-by-product, system-by-system, or treatment-by-treatment, basis for the Accused Instrumentalities and Accused Procedures, including foreign (non-U.S.) and domestic (U.S.) information regarding, including but not limited to:

a. unit sales, both gross and net (in units, or other measure that BTL use to track individual sales and U.S dollars);

b. the per unit prices(s) paid to BTL;

c. gross revenues;

d. net revenues;

e. cost of goods sold, including labor, materials and overhead;

f. gross profit; and

g. the methodology used to calculate the provided information.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 44:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "things," "sales information," "product-by-product," "system-by-system," "treatment-by-treatment," "unit sales "cost of goods sold," "labor," "materials," "overhead," "gross profit," "methodology," and "calculate." BTL objects to this Request to the extent it seeks information regarding BTL products not at issue in this case. BTL will limit its responses to the Emfemme 360 and the UltraFemme 360 devices, as standalone devices or applicators. FAC ¶ 55. BTL objects to this Request to the extent it seeks sales of the

Emfemme 360 and UltraFemme 360 outside of the United States. BTL will limit its sales that were made to or from within the United States. BTL objects to this Request to the extent it calls for expert opinion or expert testimony.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 43:**

BTL also objects to this Request to the extent it seeks documents or things relating to products, components, or features that are not accused of infringement in this action. For example, the Exion system and Exilis system include multiple applicators and functionalities, only some of which are at issue. BTL further objects to this Request as not proportional to the needs of the case, considering the importance of the issues at stake, the limited relevance of the requested materials to the claims and defenses, the amount in controversy, and the burden and expense of producing such documents. Subject to and without waiving the foregoing General and Specific Objections, BTL will produce documents responsive to this Request to the extent such documents are responsive to Request No. 40 and 41, subject to BTL's objections and responses thereto.

**REQUEST NO. 44:**

All Documents and Things relating to, supporting, or refuting any contention by you that InMode is not entitled to damages based on a reasonable royalty rate, including any documents relating to your knowledge or assertions concerning any of the factors relating to a reasonably royalty analysis that are listed in *Georgia Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970).

**RESPONSE AND OBJECTIONS TO REQUEST NO. 45:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the extent that it broadly seeks "[a]ll Documents and Things relating to, supporting, or refuting *any* contention by you that InMode is not entitled to damages based on a reasonable royalty rate." BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "things," "supporting," "refuting," "contention," "knowledge," "assertions," and "concerning," BTL further objects to this Request to the extent it seeks or requires a legal conclusion. BTL objects to this Request to the extent it calls for expert opinion or expert testimony.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 44:**

BTL further objects to this Request as premature to the extent it seeks information relating to expert opinions or analyses, including those governed by Rule 26(a)(2) and Rule 26(b)(4) of the Federal Rules of Civil Procedure, which will be disclosed in accordance with the expert-discovery schedule. BTL further objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case under Rule 26(b)(1) because it seeks "all documents and

things" potentially related to any of the *Georgia-Pacific* factors. BTL also objects to this Request on the grounds that it is vague, ambiguous, and calls for a legal conclusion, as it requires BTL to determine relevance based on a legal analysis of the *Georgia-Pacific* factors for reasonable royalty determination, which is not an appropriate basis for identifying or producing documents under Rule 34. Subject to and without waiving the foregoing General and Specific Objections, BTL will produce non-privileged, responsive documents, if any, that are relied upon by its damages expert and identified in the expert's report, at the time of expert disclosures.

**REQUEST NO. 45:**

All Documents and Things relating to, supporting, or refuting any contention by you that InMode is not entitled to a permanent injunction, including any documents relating to your knowledge or assertions concerning any of the factors relating to a permanent injunction analysis that are listed in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006).

**RESPONSE AND OBJECTIONS TO REQUEST NO. 46:**

BTL incorporates by reference its Preliminary Statements and General Objections. BTL objects to this Request to the extent that it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. BTL objects to this Request as vague, ambiguous, overbroad, and unduly burdensome, not relevant to any parties' claims or defenses, and not proportional to the needs of the case to the extent that it broadly seeks "*[a]ll* Documents and Things relating to, supporting, or refuting any contention by you that InMode is not entitled to a permanent injunction." BTL further objects to this Request as vague, ambiguous, and lacking sufficient particularity in its use of the undefined terms "[t]hings," "supporting," "refuting," "contention," "knowledge," "assertions," and "concerning." BTL further objects to this Request to the extent it seeks or requires a legal conclusion. BTL objects to this Request to the extent it seeks expert opinion or expert testimony.

Subject to and without waiving the foregoing General and Specific Objections, BTL responds as follows: BTL objects to this Request on the grounds that BTL has a pending Motion to Stay and discovery is premature at this time. On that basis, BTL will not respond to this Request at this time. Should the Court find that certain discovery is to go forward or that a stay is unwarranted, BTL will supplement its response based on the Court's order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 45:**

BTL further objects to this Request as premature to the extent it seeks information relating to expert opinions or analyses, including those governed by Rule 26(a)(2) and Rule 26(b)(4) of the Federal Rules of Civil Procedure, which will be disclosed in accordance with the expert-discovery schedule. BTL further objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case under Rule 26(b)(1) because it seeks "all documents and things" potentially related to any of the *eBay* factors. BTL also objects to this Request on the grounds that it is vague, ambiguous, and calls for a legal conclusion, as it requires BTL to determine relevance based on a legal analysis of the *eBay* factors for injunctive relief, which is not an appropriate basis for identifying or producing documents under Rule 34. Subject to and without waiving the foregoing General and Specific Objections, BTL will produce non-privileged, responsive documents, if any, that are relied upon by its damages expert and identified in the expert's report, at the time of expert disclosures.

Dated: December 2, 2025

/s/ Seth R. Ogden

Seth R. Ogden (*pro hac vice*)
PATTERSON INTELLECTUAL PROPERTY PC
sro@iplawgroup.com
1600 Division Street, Suite 500
Nashville, TN 37203
Telephone: (615) 242-2400

- and -

Alison C. Casey (BBO # 688253)
BARNES & THORNBURG LLP
One Marina Park Drive, Suite 1530
Boston, MA 02210
Tel: (617) 316-5322
Fax: (617) 316-5311
acasey@btlaw.com

*Attorneys for Defendant BTL Industries, Inc.*

62

## CERTIFICATE OF SERVICE

I certify that on December 2, 2025, a true and accurate copy of the above and foregoing was sent by email on the following counsel of record for InMode.

Peter M. Durney (BBO # 139260)
Patricia A. Hartnett (BBO # 568206)
SMITH DUGGAN CORNELL & GOLLUB LLP
101 Arch Street, Suite 1100
Boston, MA 02110
pdurney@smithduggan.com
phartnett@smithduggan.com

William A. Hector *(pro hac vice)*
VENABLE LLP
101 California Street, Suite 3800
San Francisco, CA 94111
wahector@venable.com

Caitlin C. Blanche *(pro hac vice)*
Michael P. Sandonato *(pro hac vice)*
VENABLE LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
cblanche@venable.com
msandonato@venable.com

Frank C. Cimino, Jr. *(pro hac vice)*
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
fccimino@venable.com

Parker G. Zimmerman *(pro hac vice)*
VENABLE LLP
151 W. 42nd Street, 49th Floor
New York, NY 10036
pgzimmerman@venable.com

*/s/ Caitlin J. Carter*
Caitlin J. Carter
Litigation Paralegal

63