# EXHIBIT E



April 27, 2026

**VIA    Email**

William A. Hector
VENABLE LLP
101 California St., Suite 3800
San Francisco, CA  94111
wahector@venable.com

RE:    *InMode Ltd. v. BTL Industries, Inc.*, Case No. 1:24-cv-12955-PBS
    **BTL's Proposed Narrowed Scopes for InMode's Discovery Requests Re InMode's
    January 2, 2026 Letter Alleging Deficiencies in BTL Industries' First Supplemental
    Objections and Responses to InMode's First Set of Interrogatories and InMode's
    First Set of Requests for Production**

Counsel,

Pursuant to the parties' agreement, BTL Industries provides below its proposed narrowed scopes for the discovery requests identified in InMode's January 2 letter to which BTL Industries objected to and for which BTL Industries proposed to meet and confer to narrow the scope. As further agreed, once the parties reach agreement on the narrowed scope, BTL Industries will supplement its responses to InMode's First Set of Interrogatories and InMode's First Set of Requests for Production.

Consistent with the parties' agreement, BTL Industries will address the remaining matters raised in InMode's January 2 letter on May 1, together with service of the otherwise agreed supplemental responses and document production.

**Proposed Narrowed Scopes for Discovery Requests Requiring Meet and Confer**
As BTL Industries stated in its initial objections and prior response, several requests, as drafted, are objectionable for lack of appropriate limits, including for relevance, overbreadth, vagueness, and proportionality. BTL Industries nonetheless recognizes that these requests may be tailored to an appropriate scope and remains willing to work with InMode to reach agreement on a reasonable narrowing. As identified in BTL Industries' previous letters and discussed during the meet and confer, InMode is best positioned to specify precisely what information InMode seeks; but InMode has declined to provide that guidance. Accordingly, BTL Industries has proposed narrowed scopes below based on its best attempt to divine that information. BTL Industries' request for additional information was intended to minimize unnecessary iterative exchanges, but BTL Industries is willing to work with InMode in this process as InMode has requested.

William Hector
InMode v. BTL
April 27, 2026
Page 2

- **Interrogatory No. 12; RFP Nos. 22, 39 (Agreements):** BTL Industries objected to the overbroad scope of "all agreements." This expansive term would encompass every sales agreement, purchase order, and contract, creating an unduly burdensome and disproportionate search requirement. BTL Industries proposes limiting this to specific categories of agreements that InMode can identify as relevant to this case, excluding routine sales agreements already reflected in the sales data spreadsheet BTL Industries has provided. Accordingly, BTL Industries proposes limiting the request to licensing agreements, settlement agreements, and royalty share agreements.

- **Interrogatory No. 13; RFP Nos. 28 (Customer Feedback):** BTL Industries does not maintain a central repository for customer communications, making an all-encompassing request overly burdensome and not proportional. Further, "feedback from customers" captures feedback without any relevance to this case, such as order status and shipping dates. BTL Industries will conduct a reasonable search and produce documents found as part of that reasonable search.

- **Interrogatory No. 14; RFP Nos. 5, 6 (Communications about InMode):** BTL Industries objects to producing any and all references to InMode regardless of relevance to this case. Such a search would be overly burdensome and disproportionate, resulting in the search for and production of documents bearing no relevance to this case because both parties produce many products beyond the scope of the present litigation. Because BTL Industries has no starting point from which to discern what documents InMode actually seeks, BTL Industries is not able to provide a proposed scope for these requests other than to offer to search for communications related to the EMPOWER RF and FORMA V devices from before the date of the present lawsuit.

- **RFP No. 10 (Manufacturing documents):** BTL Industries again notes that InMode mischaracterizes BTL Industries' response. BTL Industries notes that it does not manufacture the Accused Products. BTL Industries agreed to produce documents as indicated in response to RFP Nos. 7 and 8. BTL Industries therefore believes it has complied with this request. If additional documents are sought, InMode should specify what documents it seeks.

- **RFP Nos. 13, 25:** BTL Industries objects that these requests go beyond the scope of the case. BTL Industries proposes limiting these requests to documents and things specifically relating to the EMFEMME 360 and ULTRAFEMME 360 rather than any documents and things for any applicator or device associated with the Exion and Exilis systems.

- **RFP No. 18 (Patent applications):** BTL Industries' patents are public record and searchable. Moreover, InMode's requests use several vague and ambiguous terms, including "tissue remodeling" and which patents are "related" to other patents. BTL Industries proposes to produce the BTL Industries patents identified on its website as

William Hector
InMode v. BTL
April 27, 2026
Page 3

associated with the EMFEMME and ULTRAFEMME devices. Otherwise, BTL Industries proposes that InMode conduct its own search of public record patents so that it may identify those it believes relate to "tissue remodeling."

- **RFP No. 26 (Competing products):** BTL Industries objects that this request goes beyond the scope of the case. Further, the criteria for what constitutes "any products or procedures that compete with any Accused Instrumentality or Accused Procedure" needs clarification. BTL Industries proposes limiting this request to products and procedures from other companies that provide similar treatments to the EMFEMME 360 and ULTRAFEMME 360. In particular, this limits the request to not include similar information for unrelated applicators or devices associated with the Exion and Exilis systems.

- **RFP No. 31, 32 (Third party doctor involvement):** BTL Industries objects to these requests for being unduly burdensome and not proportional to the needs of the case. BTL Industries sells its products to doctors, meaning this request asks for extensive information about every customer, including customers that have never purchased an EMFEMME 360 and ULTRAFEMME 360. Further, such a request would require BTL Industries to individually open every customer file and extract the information sought. BTL Industries further notes that many of the documents InMode seeks (such as any documents related to design of the Accused Products and Accused Procedures) have already been requested as part of other RFPs. Thus, InMode's request as drafted is objected to as a whole.

  If InMode makes a showing of relevance for specific doctors for which it seeks information, BTL Industries is willing to consider those specific doctors.

- **RFP No. 35:** BTL Industries conducted a search and will produce what it found.

Please contact us with any questions.

Very truly yours,

**PATTERSON INTELLECTUAL PROPERTY LAW, P.C.**

_____
Nathan North
nin@iplawgroup.com