# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

INMODE LTD.,

      Plaintiff,

      v.

BTL INDUSTRIES, INC.,

      Defendant.

Case No: 1:24-cv-12955-PBS

**JURY TRIAL DEMANDED**

**[PROPOSED] HIPAA-QUALIFIED PROTECTIVE ORDER GOVERNING
HANDLING OF PHI IF PRODUCED**

WHEREAS, Plaintiff InMode Ltd. ("InMode") has issued subpoenas seeking information from physician-customers of Defendant BTL Industries, Inc. d/b/a BTL Aesthetics ("BTL") (together with InMode, the "Parties"), as part of this action (the "Action") that may involve the exchange of health information, including protected health information ("PHI");

WHEREAS, BTL disputes that such discovery is necessary, relevant, proportional, or properly sought from the subpoenaed physician customers;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c);

WHEREAS, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, and its implementing regulations, including 45 C.F.R. § 164.512(e), restrict the use and disclosure of PHI;

WHEREAS, the Parties to this litigation, and their counsel, are familiar with and agree to be bound by HIPAA and its implementing regulations;

1

WHEREAS, InMode desires entry of this HIPAA-Qualified Protective Order to ensure the confidentiality of PHI that it has sought during the course of this litigation and BTL agrees solely to avoid further motion practice regarding this issue;

THEREFORE, pursuant to Rule 26 of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1)(v), the Court finds good cause for the issuance of a qualified protective order and it is hereby stipulated among the Parties and ORDERED that:

In accordance with the requirements of the regulations promulgated under HIPAA, specifically 45 C.F.R. § 164.512(e)(1)(v) and 164.512(e)(1)(vi), the Court hereby institutes the following HIPAA-Qualified Protective Order provisions, as that term is defined in the foregoing regulations:

**(1)    Definitions.**

(a)    "HIPAA" means the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, including its implementing regulations at 45 C.F.R. Parts 160 and 164.

(b)    "Protected Health Information" or "PHI" has the same meaning as provided at 45 C.F.R. § 160.103, and includes any information, whether oral or recorded in any form or medium, that: (i) is created or received by a health care provider, health plan, employer, or health care clearinghouse; (ii) relates to (1) the past, present, or future physical or mental health or condition (including genetic information) of an individual, (2) the provision of health care to an individual, or (3) the past, present, or future payment for the provision of health care to an individual; and (iii) identifies or could reasonably be used to identify the individual.

(c)    "Covered Entity" has the same meaning as provided at 45 C.F.R. § 160.103, which defines the term to include health plans, health care clearinghouses, and health care providers who transmit health information electronically in connection with a HIPAA-covered transaction.

**(2)    Scope of Order.**

(a)    This Order establishes procedures governing the handling of PHI, including but not limited to, documents, deposition testimony, exhibits, and other materials containing PHI, only if PHI is produced in this Action. This Order does not expand the scope of permissible discovery, does not resolve any dispute concerning whether PHI must be produced, and does not affect any producing person's or entity's right to redact, de-identify, withhold, or object to the production of PHI.

(b)    The Parties and their counsel (including any parties and counsel later added to this litigation) are hereby authorized to request, receive, and transmit PHI related to this Action and subject to the terms of this Order.

(c)    Covered Entities may disclose PHI relating to this Action to the Parties and their counsel. All Parties must fully comply with all applicable discovery rules, statutes, and precedent. Upon such compliance, all Covered Entities are hereby authorized to disclose PHI to the attorneys of record in this case or who may become of record in the future in this case.

(d)    This Order does not govern PHI legitimately obtained by one or more of the Parties from an entity other than a Covered Entity or one of the Parties to this litigation.

(e)    Nothing in this Order authorizes disclosure prohibited by HIPAA, any more restrictive federal or state privacy law, physician-patient privilege, reproductive-health

3

privacy law, medical-record confidentiality statute, ethical obligation, or other applicable law. To the extent any such law imposes additional requirements, including patient notice, patient authorization, redaction, or further court approval, those requirements remain in effect.

(f)     Nothing in this Order shall be construed as a finding or agreement that any Protected Health Information ("PHI") is relevant, proportional, discoverable, admissible, necessary, or properly sought from any Party or nonparty. Nothing in this Order shall authorize, require, or compel the production of PHI, including unredacted PHI, absent agreement of the producing person or entity or further order of the Court resolving any applicable objections, motion for protective order, motion to quash, privilege claim, privacy objection, burden objection, or other objection. All such objections and rights are expressly preserved, including BTL's pending motion for protective order and any pending or future motions to quash or objections served by any subpoenaed nonparty physician.

**(3)     Use and Disclosure of PHI.**

(a)     Any request for PHI, and any production of PHI, shall be limited to the minimum information reasonably necessary for the specific discovery purpose at issue. No Party may request, and no producing person or entity shall be required to produce, an entire patient chart or medical record unless the requesting Party specifically identifies the need for the entire record and the producing person or entity agrees or the Court orders production after resolving any objections.

(b)     No Party or nonparty shall be required to produce unredacted PHI under this Order. To the extent any discovery response includes patient-related information, the producing person or entity may produce such information in de-identified or redacted form consistent

4

with HIPAA and any other applicable law. Unredacted PHI may be produced only by agreement of the producing person or entity or upon further order of the Court after notice and an opportunity to be heard.

(c)     The Parties and their attorneys shall be permitted to use and disclose PHI solely for matters reasonably connected with this Action. PHI may only be used or disclosed by the Parties, their attorneys, and any other persons involved in this litigation for purposes of this litigation.

(d)     PHI may not be used or disclosed for any other purpose without the express written consent of the individual to whom the PHI pertains or as required by law.

(e)     PHI shall be transmitted and stored using reasonable security measures, including encrypted transmission where practicable, access limited to persons authorized under this Order, and no disclosure through public file-sharing links or other unsecured means. PHI shall not be uploaded to any artificial-intelligence platform, generative-AI tool, or non-litigation database. Any person who becomes aware of an unauthorized disclosure of PHI shall promptly notify the producing person or entity and all Parties and shall take reasonable steps to retrieve or secure the PHI.

(f)     Permitted disclosures of PHI may be made in this case to (i) the Court and all persons assisting the Court, including law clerks, court reporters, and clerical personnel; (ii) counsel for the Parties and their partners, associates, secretaries, paralegals, IT staff, and other employees, to the extent reasonably necessary to render professional services in connection with this case; (iii) expert witnesses and consultants; (iv) employees of third-party contractors providing litigation support services; and (v) jurors.

(g)    Unless otherwise agreed by the producing person or entity or ordered by the Court, PHI shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – PROTECTED HEALTH INFORMATION" under the operative Protective Order in this Action. PHI may not be disclosed to any officer, director, employee, sales representative, marketing employee, product employee, business personnel, or in-house personnel of any Party absent further order of the Court or written consent of the producing person or entity.

(h)    With respect to items (3)(f)(iii) and (3)(f)(iv) above, any expert, consultant, or employee of any such expert or consultant, any employee of a third-party contractor providing litigation support services, and any witness who is not an officer, director, or employee of any of the Parties to this case, who is to be provided PHI in the course of this case, must first receive a copy of this Order and execute a copy of the HIPAA Acknowledgment attached hereto as Appendix B.

(i)    Health information shall not be disclosed to fact witnesses except in de-identified or redacted form unless (i) the producing person or entity agrees in writing, (ii) the producing person or entity is the fact witness or their employer, (iii) the patient that is the subject of the health information provides authorization, or (iv) the Court orders otherwise. If health information is disclosed to fact witnesses, no patient name, contact information, medical-record number, billing identifier, full-face photographic images or video, or other direct patient identifier may be disclosed, unless the person or entity is the producing person or entity of that health information,  absent authorization by items (3)(i)(i)-(iv).

**(4)    Labeling of PHI.**

(a)    Any PHI disclosed in this litigation must be labeled as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – PROTECTED HEALTH INFORMATION" and treated as such.

(b)    Any copies, extracts, summaries, or descriptions of PHI must also be treated as confidential and subject to this Order.

(c)    When disclosing PHI per the terms of this Order, the disclosing Party's counsel must include the statement that the disclosed material contains PHI, which may not be further used or disclosed other than for purposes of this litigation.

**(5)    Filing PHI with the Court.**

(a)    PHI shall not be contained, referenced within, or annexed to a pleading, motion, exhibit, or other paper submitted to the Court, unless the paper bears an appropriate legend and (i) the Court authorizes it to be filed under seal, (ii) the Court otherwise orders, or (iii) the affected individual authorizes disclosure of his or her PHI.

(b)    Any PHI filed with the Court must first be filed under seal and accompanied by a motion to seal, at which time the Court will determine whether to grant the Party's motion to seal. The Parties must follow the Court's procedures for filing documents under seal consistent with the Local Rules of the District of Massachusetts.

**(6)    Formal Discovery Requirement.**

(a)    Except as otherwise provided herein, nothing contained in this Order authorizes counsel to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, patient authorizations, or attorney-client communications. Moreover, any Party may seek additional protection from the disclosure and use of any documents and information for which they believe this Order does not

7

provide adequate protection or with respect to documents and information that they believe are not subject to disclosure pursuant to applicable statutes, rules, regulations, or other applicable law.

(b)    Nothing in this Order shall bind any nonparty to produce documents, testimony, medical records, patient information, or PHI. Any nonparty receiving a subpoena or discovery request retains all rights to object, move to quash, seek a protective order, redact PHI, de-identify patient information, withhold privileged or protected information, or seek additional conditions before any production.

**(7)    Return or Destruction of PHI.**

(a)    Within ninety (90) days after termination of this Action, any person or entity in possession of PHI received pursuant to this Order shall return such PHI to the Party who produced it or destroy any and all copies of such PHI; provided, however, that counsel of record may retain one set of pleadings, documents filed with the Court, deposition transcripts and exhibits, and discovery responses, and may retain any documents and copies thereof that are work product, said materials to remain subject to this Order. For purposes of this paragraph, termination shall be deemed to occur upon the entry of an order finally terminating this Action (including exhaustion of any appeals). The receiving Party shall verify the return or destruction of PHI by declaration under penalty of perjury furnished to the producing Party upon request.

**(8)    Retention of Jurisdiction.**

(a)    The Court retains jurisdiction to enforce the terms of this Order and to make any modifications necessary to protect the confidentiality of PHI.

**(9)    Conflict.**

8

(a)      To the extent any provision of this Order conflicts with the HIPAA-Qualified Protective Order Provisions set forth in this section, the HIPAA-Qualified Protective Order Provisions shall control with respect to PHI. All other provisions of this Order shall remain in full force and effect and shall apply to PHI to the extent not inconsistent with this section.

SO ORDERED, this the _____ of _____, 2026

_____
Hon. Patti B. Saris
United States District Court Judge

Dated: July 14, 2026

Respectfully Submitted,

**InMode Ltd.**

/s/ William A. Hector
Peter M. Durney (BBO # 139260)
pdurney@smithduggan.com
Patricia A. Hartnett (BBO # 568206)
phartnett@smithduggan.com
SMITH DUGGAN CORNELL
 & GOLLUB LLP
101 Arch Street, Suite 1100
Boston, MA 02110
Telephone: (617) 228-4400
Facsimile: (617) 482-3917

Caitlin C. Blanche (*pro hac vice*)
cblanche@venable.com
Michael P. Sandonato (*pro hac vice*)
msandonato@venable.com
VENABLE LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

Frank C. Cimino, Jr. (*pro hac vice*)
fccimino@venable.com
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

Parker G. Zimmerman (*pro hac vice*)
pgzimmerman@venable.com
VENABLE LLP
151 W. 42nd Street, 49th Floor
New York, NY 10036
Telephone: (212) 307-5500
Facsimile: (212) 307-5598

William A. Hector (*pro hac vice*)
wahector@venable.com
VENABLE LLP
101 California Street, Suite 3800

10

San Francisco, CA 94111
Telephone: (415) 653-3750
Facsimile: (415) 653-3755

*Attorneys for Plaintiff InMode Ltd.*

11

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

INMODE LTD.,

      Plaintiff,

      v.

BTL INDUSTRIES, INC.,

      Defendant.

Case No: 1:24-cv-12955-PBS

**JURY TRIAL DEMANDED**

**APPENDIX A
UNDERTAKING REGARDING
HIPAA-QUALIFIED PROTECTIVE ORDER**

I, _____, declare that:

1. My address is _____. My current employer is _____. My current occupation is _____.

2. I have received a copy of the HIPAA-Qualified Protective Order in this action. I have carefully read and understand the provisions of the HIPAA-Qualified Protective Order.

3. As a condition precedent to my receipt and examination of Protected Health Information ("PHI") disclosed pursuant to the Order, or my obtaining any information derived from PHI, I hereby agree that the Order shall be deemed to be directed to and shall include me, and that I shall be bound by, observe, and comply with the provisions of the Order.

4. I will comply with all of the provisions of the HIPAA-Qualified Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for purposes of this litigation any PHI that is disclosed to me.

5. Promptly upon termination of this Action, I will return or destroy all PHI in my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed or retained.

6. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

12