UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INMODE LTD.,<br>Plaintiff,<br><br>v.<br><br>BTL INDUSTRIES, INC.,<br><br>Defendant. | No. 1:24-cv-12955-PBS-JDH |

**MEMORANDUM AND ORDER ON (1) DEFENDANT BTL INDUSTRIES, INC.'S MOTION FOR A PROTECTIVE ORDER, AND (2) MOTION TO QUASH SUBPOENA TO TESTIFY AT A DEPOSITION AND TO PRODUCE DOCUMENTS BY DR. KATHERINE ATKINSON**

HEDGES, M.J.

Pending before the Court are Defendant BTL Industries, Inc.'s Motion for a Protective Order regarding subpoenas issued to Nonparties Dr. Katherine Atkinson, Dr. Victor Lacombe, Dr. Kimberly Evans, and Dr. Joseph Berenholz (Docket No. 217); and Nonparty Dr. Katherine Atkinson's Motion to Quash Subpoena to Testify at a Deposition and to Produce Documents (Docket No. 218). BTL and Dr. Atkinson argue that the subpoenas are improper and must be quashed. *See generally* Docket Nos. 216, 219. InMode disagrees and opposes both motions. *See generally* Docket Nos. 221, 223.

The subpoenas issued to Dr. Lacombe, Dr. Evans, and Dr. Berenholz require compliance in other districts, all of which have either ruled on, or begun to consider, their propriety. I thus defer to the compliance districts and decline to rule on those three subpoenas. As to the subpoena issued to Dr. Atkinson, I find that: (1) the material sought is generally relevant and proportional to the needs of the case, (2) any patient information implicated by the subpoena is

adequately protected by a HIPPA-compliant protective order, and (3) the subpoena does not impose an undue burden on Dr. Atkinson. Accordingly, both motions are DENIED.

## I. BACKGROUND

This is a patent dispute, in which InMode alleges that BTL directly and indirectly infringed its patent for "Vaginal Remodeling Device And Methods." *See* Docket No. 64 at 10-11, 13-18. The parties are currently engaged in discovery. On January 8, 2025, InMode served its first requests for production and interrogatories. Docket No. 216-5; Docket No. 216-6. BTL served initial objections and responses to these requests on March 10, 2025. *See* Docket No. 221-4 at 2. On March 27, 2025, Judge Saris entered an order staying the case, pending the Patent Trial and Appeal Board's resolution of BTL's petition for *inter partes* review. Docket No. 150. Judge Saris lifted the stay on October 30, 2025. Docket No. 163. Between January and May 2026, the parties exchanged correspondence and engaged in numerous meet-and-confers about discovery. *See* Docket No. 216 at 8, n. 2; Docket Nos. 221-1, 221-2, 221-3, 221-4, 221-5, 221-10, 221-11. BTL also made at least two productions of documents.[1] *See* Docket Nos. 221-8, 221-9.

On May 21, 2026, InMode served identical subpoenas on four BTL customer physicians: Dr. Atkinson, Dr. Lacombe, Dr. Evans, and Dr. Berenholz. Docket Nos. 216-1, 216-2, 216-3, and 216-4. Each subpoena directs the recipient to produce documents in response to twenty-one requests and to appear for a deposition to answer questions about twenty-one topics. *Id.* The document requests and deposition topics generally seek information about the communications the nonparty physicians received from BTL about the

[1] To the extent that BTL provided additional discovery responses during this time period, it is not clear from the parties' submissions.

accused product and methods. *Id*.

On June 9, 2026, BTL moved for a protective order, seeking to prevent InMode from enforcing the non-party subpoenas. Docket No. 217. BTL argues that: (1) the subpoenas are cumulative of party discovery and seek information available through less burdensome means; (2) the subpoenas improperly seek expert-opinion discovery from unretained expert-physicians; (3) the subpoena of Dr. Evans is particularly inappropriate, because she already sat for an expert deposition in this action; (4) the subpoena of Dr. Berenholz is also uniquely inappropriate, because he served as an expert for BTL in a related proceeding; (5) the subpoenas improperly seek confidential patient information; and (6) the subpoenas are disproportionate and overly broad, and InMode has withheld damages information to justify the burden. *See* Docket No. 216. InMode filed an opposition brief on June 22, 2026. Docket No. 221. InMode argues that: (1) BTL lacks standing to challenge the subpoenas; (2) the subpoenas go to the heart of InMode's indirect infringement claims; (3) BTL's cumulativeness challenges fail, as the subpoenas seek distinct, non-duplicative information from custodians with unique knowledge, and as BTL has failed to engage in discovery; (4) the subpoenas seek fact discovery, not expert discovery; (5) the subpoenas to Dr. Evans and Dr. Berenholz are proper; (6) BTL does not seek HIPPA-protected information, and, in any event, has satisfied HIPPA's conditions for lawful disclosure of the patient-related information sought; and (7) the damages argument is a red-herring. *See id*. Judge Saris referred this motion to me on June 17, 2026. Docket No. 220.

On June 12, 2026, Dr. Atkinson moved to quash the subpoena issued to her on the grounds that it seeks protected information and imposes an undue burden. Docket Nos. 218, 219. Specifically, Dr. Atkinson argues that: (1) the subpoenaed materials and testimony are

cumulative of party discovery; (2) the subpoena is facially overbroad and disproportionate; (3) the subpoena seeks privileged, confidential, and protected patient information; (4) the subpoena seeks unretained expert testimony in violation of Fed. R. Civ. P. 45(d)(3)(B)(ii); and (5) InMode has not shown, and cannot show, that requiring Dr. Atkinson to comply with the subpoena is proportional to the needs of the case. *See* Docket No. 219 at 2 (summarizing Dr. Atkinson's positions). InMode filed an opposition on June 26, 2026, contesting all five points and adding that: (1) Dr. Atkinson failed to put forth concrete evidence of undue burden, (2) the subpoena seeks distinct, non-duplicative information from a custodian with unique knowledge, and (3) Dr. Atkinson's arguments regarding cumulativeness and failure to exhaust cannot stand, because BTL has not engaged appropriately in discovery. *See* Docket No. 223. Judge Saris referred this motion to me on June 24, 2026. Docket No. 222.

Dr. Lacombe, Dr. Evans, and Dr. Berenholz also filed motions to quash in their home districts. On July 28, 2026, the Northern District of California granted Dr. Lacombe's motion to quash in its entirety, finding generally that the discovery sought could more easily be obtained through party discovery. *See In re Subpoena to Dr. Victor Lacombe, et al. v. BTL Industries, Inc.*, 26-mc-80179-RS-SK (N.D. Cal. July 28, 2026), Docket No. 15. Two days later, the Southern District of Texas denied Dr. Evans' motion to quash in its entirety, rejecting the party discovery argument and many of the other arguments raised in the motions before me. *See InMode Ltd. v. BTL Industries et al.*, 4:26-mc-01126 (S.D. Tex. July 30, 2026), Docket No. 9. Finally, on August 13, 2026, the Eastern District of Michigan held a hearing on Dr. Berenholz's motion and took the matter under advisement, directing the parties to—among other things—update the Michigan court once the Massachusetts motions were resolved. *See Berenholz et al v. BTL Industries, Inc.*, 2:26-mc-50619-BRM-DRG (E.D.

Mich. Aug. 13, 2026), Minute Entry for August 13, 2026 proceedings. I held a hearing on the motions pending in this district on August 17, 2026, and took the matter under advisement. Docket No. 233.

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Although the Federal Rules seek to "ensur[e] wide-ranging discovery of information," *Doelger v. JPMorgan Chase Bank, N.A.*, No. 21-cv-11042-AK, 2022 WL 22837136, at *2 (D. Mass. Oct. 20, 2022) (citation omitted), discovery is not boundless. "District courts exercise broad discretion to manage discovery," *Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41 (1st Cir. 2003), and "to tailor discovery narrowly." *Cutter v. HealthMarkets, Inc.*, No. 10-cv-11488-JLT, 2011 WL 613703, at *2 (D. Mass. Feb. 10, 2011) (quotation marks omitted).

Information sought under Rule 45 must generally comport with Fed. R. Civ. P. 26 and thus must be nonprivileged, relevant, and proportional to the needs of the case. *See, e.g.*, *Solamere Capital v. DiManno*, 621 F. Supp. 3d 152, 158 (D. Mass. 2022). Furthermore, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or

other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

## III. ANALYSIS

### A. Dr. Lacombe, Dr. Evans, And Dr. Berenholz

BTL titled its motion "Defendant BTL Industries Inc.'s Motion for a Protective Order." *See* Docket No. 217 at 1. In substance, however, the motion asks the Court to quash the subpoenas issued to all four doctors. *See* Docket No. 217 at 1-2 (requesting that the Court enter an order "prohibiting enforcement of the subpoenas served on Dr. Atkinson, Dr. Lacombe. Dr. Berenholz, and Dr. Evans); Docket No. 216 at 23 (requesting that the Court "quash the subpoenas"). When asked during the motion hearing, InMode's counsel confirmed it was requesting that the Court quash the subpoenas. Therefore, I look past the title of the motion to its substance and construe it as a motion to quash that—as to the three doctors located outside of the district of Massachusetts—was filed in the wrong court. *See Pons v. Walter Kidde Portable Equip. Inc.*, No. 1:25-mc-91106-JEK, 2025 WL 1424519, at *2 (D. Mass. May 16, 2025) (noting that protective order motions should be filed where the action is pending while motions to quash should be filed where compliance is required, and construing motion based on content rather than style); *Burge v. Teva Pharm. Industries, Ltd.*, No. 25-mc-91527-ADB, 2026 WL 35943, at *2 (D. Mass. Jan. 6, 2026) ("[M]otions to quash, like other subpoena-related motions, 'are to be filed in the district court where compliance is required.'" (quoting *Gebka v. EverQuote, Inc.*, No. 1:21-mc-91391-IT, 2021 WL 313154, at *1 (D. Mass. July 23, 2021)).

Here, it is particularly appropriate to defer to the compliance district courts, because all three motions to quash have already been fully briefed and considered by courts in the physicians' home districts. *See generally In re Subpoena to Dr. Victor Lacombe, et al. v. BTL*

*Industries, Inc.*, 26-mc-80179-RS-SK (N.D. Cal.); *InMode Ltd. v. BTL Industries et al.*, 4:26-mc-01126 (S.D. Tex.); and *Berenholz et al. v. BTL Industries, Inc.*, 2:26-mc-50619-BRM-DRG (E.D. Mich.). My declining to rule on the out-of-district subpoenas will thus not result in additional delay. Furthermore, two courts have already issued conflicting rulings on the subpoenas. *Compare In re Subpoena to Dr. Victor Lacombe, et al. v. BTL Industries, Inc.*, 26-mc-80179-RS-SK (N.D. Cal. July 28, 2026) (quashing subpoena), Docket No. 15 *with InMode Ltd. v. BTL Industries et al.*, 4:26-mc-01126 (S.D. Tex. July 30, 2026), Docket No. 9 (declining to quash identical subpoena). I could not grant the relief BTL seeks without disrupting at least one of those court's rulings, and at this point, the appropriate solution is for each physician to resolve the fate of their subpoena in their home district.

**B. Dr. Atkinson**

Dr. Atkinson's subpoena requires compliance in this district, and thus I consider the motions regarding her subpoena to be properly before me.[2]

***1. General Relevance and Proportionality***

Contrary to BTL and Dr. Atkinsons' augments, the discovery sought through these

[2] InMode argues that BTL lacks standing to bring a motion on behalf of a non-party subpoena recipient. *See* Docket No. 221 at 8-9. However, Fed. R. Civ. P. 26(b)(2)(C) states that, "[o]n motion or on its own," the court "*must* limit" discovery if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." "Because this Court could effect the relief that [plaintiff] request[s] sua sponte, it is not precluded from reaching the same result merely because [plaintiff has] taken the initiative." *Accusoft Corp. v. Quest Diagnostics, Inc.*, 12-40007-FDS, 2012 WL 1358662, at *11 (D. Mass. Apr. 18, 2012); *see also, e.g., Controlled Kinematics, Inc. v. Novanta Corporation*, 17-cv-11029-ADB, 2019 WL 3082354, at *6, n. 5 (D. Mass. July 15, 2019); *Sheehan v. Town of Carver, MA*, 24-12347-ADB-JCB, 2026 WL 309746, at *2 (D. Mass. Feb. 5, 2026). Thus, I consider the arguments raised in both BTL and Dr. Atkinsons' motions.

subpoenas is generally relevant and proportional to InMode's need to support its indirect infringement claims.

In this action, InMode brings indirect infringement claims based on both inducement under 35 U.S.C. § 271(b), and contributory infringement under 35 U.S.C. § 271(c). *See* Docket No. 64 (Count II). To prove inducement, InMode will need to show "(1) "direct infringement by a third party," (2) "knowledge that the induced acts constitute patent infringement," and (3) "active steps to encourage direct infringement." *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.,* 146 S. Ct. 1391, 1398 (2026). To prove contributory infringement, InMode must establish that (1) "there is direct infringement," (2) "the accused infringer had knowledge of the patent," (3) the component of the patented invention used by the accused "has no substantial noninfringing uses," and (4) "the component is a material part of the invention." *Fujitsu, Ltd. v. Netgear, Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010). In other words, InMode cannot prevail on either type of indirect infringement claim without evidence of direct infringement by a third party. While some of that evidence may reside with BTL, which likely has record of contracts and instructional materials, much of the non-party direct infringement evidence likely resides with third parties. This is especially true of the evidence InMode will need to prove its method claims. *See, e.g., Banhazl v. Am. Ceramic Socy.*, 602 F. Supp. 3d 198, 226 (D. Mass. 2022), *amended,* No. 16-cv-10791-ADB, 2023 WL 159842 (D. Mass. Jan. 11, 2023) ("Although the Accused Media teach the steps of the method, this alone is not enough to demonstrate that Defendant induced another to infringe . . . . Plaintiff must additionally demonstrate that there has in fact been direct infringement by third parties."). The subpoenas are thus not an "unnecessary" exercise "to harass BTL's customers," Docket No. 216 at 15 n.6, but rather a legitimate way for InMode to obtain the evidence needed to prove its case.

### 2. *Protected Patient Information*

BTL and Dr. Atkinson argue that the subpoena seeks privileged, confidential, and protected patient information, in contravention of Fed. R. Civ. P. 45(d)(3)(A)(iii). *See* Docket No. 216 at 20-21; Docket No. 219 at 9-10. After the briefing of these motions concluded, however, Judge Saris entered a HIPPA-compliant protective order, governing the handling of any protected health information ("PHI") that is produced. *See* Docket No. 232. That order includes numerous provisions to protect sensitive patient information, including the redaction of patient-identifying information, the treatment of sensitive materials as "attorneys' eyes only," the filing under seal of materials with the Court, and the return or destruction of PHI at the termination of this action. *See id.* ¶¶ 3(b), 3(g), 5, 7. Pursuant to that existing protective order, Dr. Atkinson and her counsel can mitigate any concerns about patient confidentiality by anonymizing patient data before producing it.

### 3. *Undue Burden*

#### i. **Cumulativeness**

BTL and Dr. Atkinson argue that the subpoenas are cumulative of party discovery and thus seek information available through less burdensome means. *See* Docket No. 216 at 14-16; Docket No. 219 at 7-8. I disagree. The subpoenas largely seek information outside of BTL's possession. BTL may have copies of its own promotional materials and instruction manuals, but that does not mean BTL has record of which materials Dr. Atkinson consulted. BTL could not provide information about how Dr. Atkinson became aware of the accused devices and procedures, which materials Dr. Atkinson reviewed about the accused devices, what Dr. Atkinson did with accused devices she purchased, the steps Dr. Atkinson personally took to purchase the accused devices, Dr. Atkinson's experiences using the accused devices and

performing the accused procedures, Dr. Atkinson's current understanding of how to use the devices, how Dr. Atkinson uses the accused devices and performs the accused procedures (and any modifications she's made to the same), etc. *See* Docket No. 216-2 at 12-15. These topics require Dr. Atkinson to address her own experiences in a way that BTL could not. Furthermore, as Judge Eskridge noted in denying Dr. Evans' motion quash, "it appears that Defendant hasn't produced much in the way of responsive documents to discovery requests, such that production by [the non-party physician] wouldn't be cumulative." *See InMode Ltd. v. BTL Industries et al.*, 4:26-mc-01126 (S.D. Tex. July 30, 2026), Docket No. 9 at 4.[3]

**ii. Expert Opinion**

BTL and Dr. Atkinson object that this subpoena seeks unretained expert opinion testimony from Dr. Atkinson in violation of Fed. R. Civ. P. 45(d)(3)(B)(ii). *See* Docket No. 216 at 16-18; Docket No. 219 at 10-12. Dr. Atkinson may well possess expert-level "knowledge, skill, experience, training, or education" and employ her "scientific, technical, or other specialized knowledge" when she uses the accused devices. Fed. R. Evid. 702; *Lawes v. CSA Architects & Eng'rs LLP,* 963 F.3d 72, 97-98 (1st Cir. 2020). With this subpoena, however, InMode is not asking Dr. Atkinson to draw upon that knowledge to provide expert opinions. Rather, InMode seeks testimony about Dr. Atkinson's own experience with BTL and with the accused devices at the heart of this litigation. *See Winthrop v. Omni Hotels Mgt. Corp.*, No. 19-cv-979-AJ, 2021 WL 1103016 (D.N.H. Feb. 11, 2021) (noting that physician may testify as fact witness where "his opinion testimony arises not from his enlistment as an expert but, rather, from

[3] At the hearing on August 17, BTL noted that it anticipated producing additional documents, and suggested that a forthcoming production might include some of the documents requested in the physician subpoenas. To the extent that BTL's production negates the need for Dr. Atkinson to produce any documents listed in her subpoena, the parties should promptly notify Dr. Atkinson.

his ground-level involvement in the events giving rise to the litigation" (quoting *Downey v. Bob's Disc. Furn. Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011)). As Judge Eskridge noted in reaching the same conclusion, the subpoenas seek discovery regarding topics that "call on [Dr. Atkinson's] *first-hand knowledge*," including how Dr. Atkinson learned of BTL, its devices, and its procedures; how Dr. Atkinson purchased the accused devices from BTL, instructions and training that Dr. Atkinson received from BTL about using the devices; and Dr. Atkinson's personal experiences using the devices. *See InMode Ltd. V. BTL Industries et al.*, 4:26-mc-01126 (S.D. Tex. July 30, 2026), Docket No. 9 at 3 (emphasis in original). In other words, the evidence InMode requests from Dr. Atkinson is squarely factual.

**iii. Overbreadth**

Finally, BTL and Dr. Atkinson argue that the subpoenas seek overly broad categories of information that InMode has not justified. *See* Docket No. 216 at 21-22; Docket No. 219 at 8-9. BTL and Dr. Atkinson do not, however, identify which particular requests they believe are seeking overly broad categories of information, and I have not identified any such requests. I generally agree with Judge Eskridge that "[t]he deposition topics and production requests are appropriately tailored to information regarding [the non-party physicians'] interactions with Defendant and use of the allegedly infringing device and procedure." *InMode Ltd. V. BTL Industries et al.*, 4:26-mc-01126 (S.D. Tex. July 30, 2026), Docket No. 9 at 4.

Dr. Atkinson raises additional concerns about (1) the lack of time restrictions on the subpoena requests, and (2) the format of the deposition notice, which resembles a Rule 30(b)(6) deposition notice, as it includes a list of topics that Dr. Atkinson should be prepared to testify about and directs Dr. Atkinson to testify on behalf of both herself and others at her practice. *See* Docket No. 219 at 8-9. Both concerns are legitimate. As to the first, however, Dr. Atkinson is

alleged to have first begun offering services using the accused product and method in 2022. *See* Docket No. 223 at 15. Like the subpoena issued to Dr. Evans, Dr. Atkinson's subpoena thus has a self-limiting timeframe. *See InMode Ltd. v. BTL Industries et al.*, 4:26-mc-01126 (S.D. Tex. July 30, 2026), Docket No. 9 at 4-5. As to the 30(b)(6) style of Dr. Atkinson's deposition notice, InMode has "confirm[ed] that it seeks documents and testimony only from Dr. Atkinson based on her personal knowledge," that it "does not intend for her to investigate or testify on behalf of her practice." Docket No. 223 at 10.[4]

## IV. CONCLUSION

For the foregoing reasons, Defendant BTL Industries, Inc.'s Motion for a Protective Order (Docket No. 217), and Nonparty Dr. Katherine Atkinson's Motion to Quash Subpoena to Testify at a Deposition and to Produce Documents (Docket No. 218) are DENIED.[5]

Dated: August 24, 2026

/s/ Jessica D. Hedges
United States Magistrate Judge

---

[4] In its motion, BTL also makes a cursory request for a stay of subpoena response deadlines pending resolution of this and any related motions. *See* Docket No. 216 at 23. Because this motion is now resolved, that request is DENIED as moot. For the reasons stated above, *see supra* at 6, this court lacks authority to stay responses to subpoenas that were issued and require compliance in another district.

[5] The parties are advised that under Fed. R. Civ. P. 72(a) and Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of these determinations and this order must serve and file any objections within fourteen days of being served a copy of this order, unless a different time is prescribed by the magistrate judge or the district judge.